BELCHER, Respondent, *vs.* SCHAUMBURG, Appellant.

1. Where the owner of real estate dies pending a proceeding by *scire facias* to enforce a mechanic's lien, the suit must be revived against his heirs, and not against his personal representatives.

### *Appeal from St. Louis Circuit Court.*

This was a proceeding begun by the respondent to enforce a mechanic's lien against real estate owned by C. W. Schaumburg. Pending the suit, Schaumburg died, and the suit was revived against his administratrix, who was brought in by *scire facias.*

*C. B. Lord*, for appellant.

*C. C. Carroll*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. A proceeding by *scire facias* to enforce a mechanic's lien is strictly a proceeding under the statute against the realty.

13—VOL. XVIII.

No provision is made for reviving the suit, in the event of the death of the owner or person under whose contract the lien arose, and, in the absence of such provision, it remains to be determined against whom the revivor is to be had, if it be a proceeding that can be revived in any form. If the person owning the property at the time of the erection of the building died before any proceedings were instituted to enforce the lien, it would appear that the law contemplated proceedings against the person who took the title of the owner by descent or devise. The eighth section of the act for securing mechanics' liens, (R. C. 735,) provides for issuing "a *scire facias* against the original debtor and against all and every person or persons owning or possessing the property against which he wishes to proceed, but no judgment to be rendered on the *scire facias* shall authorize the issuing of any execution except against the property charged with the lien, or such part thereof as the court shall direct." This section would authorize a *scire facias* against any person who became the owner of the property after the lien commenced, and seems to indicate, very distinctly, the persons who are to be made parties to the proceeding when the original owner dies after a *scire facias* has been issued against him. The whole act looks to the owner of the property as the party who is to be made defendant. As the administrator is in no sense the owner of the property, he is not the person to be made a party to the proceeding. The judgment to be rendered on the *scire facias* is not a judgment against the general assets of the estate, but is expressly, by the statute, confined to the property which is subject to the lien. The whole proceeding, then, against the administratrix of Schaumburg, after his death, was irregular, and no judgment could be lawfully entered against the property. The motion in arrest of judgment should, therefore, have been sustained.

The judgment is therefore reversed, with the concurrence of the other judges.