Henson v. Stever.

W. B. A. HENSON, Appellant, v. J. B. STEVER, Respondent.

**Kansas City Court of Appeals, February 15, 1897.**

1. **Mortgages**: RELEASE: TENDER OF FEES. In an action to recover the ten per cent penalty under the statute for failure to release a mortgage and reliance is placed upon the payment of the release fees to the recorder, it must be shown that the mortgagee knew of such payment, and mere information on his part is insufficient; but the mortgagee is not compelled to release on the margin but may do so by release deed, and the amount of the tender, and the amount of the release must depend upon the situation of the parties.

2. **Contracts**: COMPROMISE: CONSIDERATION. In a compromise of an existing indebtedness the acceptance of a lesser sum in satisfaction of a greater will be upheld upon any consideration showing something of hurt to one party or benefit to the other, though slight; and in this case sufficient consideration is shown.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*O. H. Scott* and *D. M. Rush* for appellant.

(1) Plaintiff's instruction number ———— should have been given. Defendant and plaintiff had compromised judgment and defendant had received full satisfaction; and after he had ordered the sheriff to release the property and return the execution satisfied, which was done, and had received full payment, he could not then reject the terms of the compromise and plead want of consideration. *Dodson v. Clark*, 49 Mo. App. 149; *Bofinger v. Tuyes*, 7 Sup. Ct. Rep. 529; s. c., 120 U. S. 198; Lawyer's Ed., Book 30, p. 649; *Wilks v. Slaughter*, 4 S. W. Rep. 766; *Daily v. King*, 44

N. W. Rep. 959; *Jaffray v. Davis*, 124 N. Y. 164; 26
N. E. Rep. 351. (2) The cost for satisfying the mortgage was paid to the recorder, which was a sufficient
tender. If defendant preferred to execute a deed of
release, then it was incumbent upon him to notify
plaintiff when defendant was informed that the cost of
marginal release had been paid the recorder. *Dodson
v. Clark*, 49 Mo. App. 149.

*Levi Engle* and *John S. Haymes* for respondent.

(1) The mortgage mentioned in plaintiff's petition
had not been satisfied. An agreement to accept a less sum
than that actually due, in full satisfaction of a debt, is
not binding, there being no consideration therefor.
*Price v. Cannon*, 3 Mo. 453; *Swaggard v. Hancock*, 25
Mo. App. 596; *Willis v. Gammil*, 67 Mo. 730. Besides,
$36.50 of the amount paid by appellant was applied to
the payment of another debt. (2) The statute, under
which appellant sues, must be strictly construed, it
being a penal one. And, to recover, appellant was not
only required to show that the mortgage was satisfied
in full, but that he requested respondent to release the
same and tendered him, and not another, the costs for
such release, neither of which was shown by appellant.
R. S. 1889, p. 1655, sec. 7094; R. S. 1889, p. 1656, sec.
7095; *Dunkin v. Ins. Co.*, 63 Mo. App. 257. (3) Respondent resided in an adjoining county and at least
fifteen miles from where the mortgage was recorded
and had his option to indorse satisfaction on the margin of the record or execute a deed of release, and appellant must have tendered a sum sufficient to pay the
cost of either mode of satisfaction. *Dodson v. Clark*,
49 Mo. App. 148.

ELLISON, J.—Plaintiff gave defendant a mortgage
securing a debt of $560. Plaintiff charges that he paid

the mortgage and requested defendant to satisfy same of record, tendering him the cost of satisfaction, and that defendant refused to satisfy. He then instituted this action for the ten per cent penalty provided in such cases by sections 7094, 7095, Revised Statutes, 1889. Defendant by answer denied the allegations of the petition and further answered by setting up a claim for a balance alleged to be due on the mortgage, and asked that the mortgage be foreclosed. The judgment was against plaintiff's case and for defendant for the enforcement of the mortgage. Plaintiff appeals.

The evidence for plaintiff tended to prove that defendant had obtained judgment against plaintiff for the amount of his mortgage debt ($560), STATEMENT.  and had an execution issued thereon. The sheriff had levied on two mules, claimed to be owned by plaintiff's son, and other live stock as well as some of his personal property; that the parties, the sheriff being present, then made a compromise whereby the levy was to be released and defendant was to accept $500 in full satisfaction of the mortgage; the payment of the $500 was to be $200 in cash, $50 at another time and $250 in one year; that these sums had been paid and that defendant had been requested to release the mortgage; that twenty-five cents, being the recorder's fee for a release on the margin of the record, had been paid to the recorder and defendant notified thereof by letter from the recorder.

Plaintiff asked and the court refused the following declarations of law:

"1. The court declares the law to be that if the plaintiff in this case paid the costs of releasing the mortgage referred to in the petition, to the county recorder, and informed the defendant of said payment, this would amount and constitute a sufficient tender of cash as required by law."

"2. That if the plaintiff and defendant entered into the contract as set forth in the petition, and the plaintiff performed the obligations thereof upon his part and tendered to defendant the costs for releasing the mortgage therein referred to, then in that event the court should find the issues for the plaintiff, provided plaintiff has proven said facts by a preponderance of evidence."

The first instruction was properly refused. A payment of the release fee to the recorder, *known to the mortgagee*, though not a tender to the mortgagee fulfills the meaning of the statute. While the instruction puts the hypothesis of the mortgagor informing the mortgagee that the release fee was paid, yet this is not sufficient, for the information must not only be true but the mortgagee must have relied upon, that is, *believed*, the information to be true. So, if the defendant mortgagor was notified by a letter from the recorder, it might be that he, living at a distance, did not know who the recorder was, or was not acquainted with his handwriting. Therefore if the information received from the recorder is meant by the instruction, it should include the hypothesis of defendant knowing or believing it to be information from the recorder.

MORTGAGES: release: tender of fees.

But there was some evidence that defendant lived at a distance from the recorder's office and in another county. If the request to release was made of him while at that distance, it would be unreasonable to expect that he should go to the recorder's office to make a marginal release. It would in such case be plaintiff's duty to tender him the expense of making a deed of release. The mode of release and the amount necessary to tender depends upon the situation of the parties and the circumstances of each particular case. As to the relative duty of mortgagor and mortgagee,

we can do no better than refer to the cases of *Dodson v. Clark,* 49 Mo. App. 148, and *Dunkin v. Ins. Co.,* 61 Mo. App. 257.

2.   The second instruction brings up the question as to the validity of the contract between the parties whereby defendant agreed to accept from plaintiff a less sum than was due him. The law is that a contract whereby the creditor agrees to accept, or does accept, a sum of his debtor less than the debt, will not prevent the creditor recovering the whole of the original debt; for the reason that the contract is without consideration. *Price v. Cannon,* 3 Mo. 453; *Swaggard v. Hancock,* 25 Mo. App. 606. "But if there be any benefit or even any legal possibility of benefit to the creditor thrown in, that additional weight will turn the scale and render the consideration sufficient to support the agreement." *Jaffray v. Davis,* 124 N. Y. 164.   In the case just cited will be found many illustrations in support of the proposition quoted.   Thus if the payment of the lesser sum is provided to be paid at different place from that where the original was to be paid, it is a sufficient consideration. *Foakes v. Beer,* L. R. 9 App. Cas. 605.   So the receipt of a negotiable note for a less sum will discharge the whole of an open debt, for the reason that it is more advantageous to the creditor to have the negotiable paper. *Jaffray v. Davis, supra.*   So if the lesser sum be paid in discharge of the greater before the latter is due, it is a valid consideration. *Brooks v. White,* 2 Met. 283. And so if a third party pay a lesser sum to the creditor on an agreement to discharge the whole debt of the debtor, it is valid. *Wilks v. Slaughter,* 49 Ark. 237; *Gordon v. Moore,* 44 Ark. 349.

In the case at bar there was evidence tending to show (especially as given by plaintiff) that the agree-

CONTRACTS: compromise: consideration.

ment to take $500 in full discharge included a compromise of other differences between the parties. Furthermore the evidence tended to show that defendant had two mules levied upon which were the property of plaintiff's son. The compromise, according to some of the testimony, included the release of the mules and the release of damages against defendant for the trespass. The validity of any settlement made by plaintiff for the wrongful levy on the mules would depend on whether he had authority from his son to do so.

So, therefore, if .on retrial it develops that plaintiff, in pursuance of the agreement with defendant, did something of hurt to himself or benefit to defendant, though slight, it will render the contract valid. The courts regard the rule preventing a creditor from making a valid contract to take a less sum of his debtor in discharge of a greater, as technical and unreasonable and they are eager to find some element in the transaction which can be held to be a consideration.

The judgment will be reversed and the cause remanded. All concur.