T. B. WALLACE, Receiver, Etc., Respondent, v. BANKERS' LIFE ASSOCIATION OF DES MOINES, IOWA, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1. **Insurance**: ASSESSMENT AND OLD LINE: SUICIDE. In this state suicide is not a defense against a life policy issued by standard insurance companies but is a defense against such policy issued by assessment companies; and on the record in this case, suicide, as a defense, was eliminated by a finding of the jury.

2. ———: BENEFICIARY: ASSIGNMENT: COLLATERAL SECURITY. Where the by-laws of an assessment company which are a part of a contract of insurance require the company's assent to an assignment, the beneficiary can not assign his policy as collateral security without the consent of the company, and such assignee can not recover on the policy.

*Appeal from the Jackson Circuit Court.*—HON. C. O. TICHENOR, Special Judge.

REVERSED.

AYRES, WOODIN & AYRES and SHANNON C. DOUGLAS for appellant.

(1) Our contention is that without the statute there could be no change of beneficiary entitled to receive the money under the certificate without the consent of the association. Candell v. Woodward, 96 Ky. 46; Supreme Council, etc., v. Perry, 140 Mass. 580; Taylor v. Relief Ass'n, 145 Mass. 134; Clark v. Schwartzenberg, 162 Mass. 98; Skilling v. Mass. B.

Ass'n, 140 Mas. 217; Britton v. Royal Arcanum, 46 N. J. Eq. 102, which reviews the authorities; Supreme Council, etc., v. Smith, 45 N. J. Eq. 467; Miller v. Ins. Ass'n, 42 N. J. Eq. 459; Mutual Benefit Ass'n v. Brown, 33 Fed. Rep. 11; Circuit Court Northern District of Ill., in 1887; Van Bibber v. Van Bibber, 87 Ky. 347; Byers v. Adams, 81 Ky. 368; Arthur v. Beneficial Ass'n, 29 O. 553; Holland v. Taylor, 111 Ind. 121; Mut. Assurance Fund v. Allen, 106 Ind. 593; Mut. Aid Ass'n v. Conser, 43 O. St. Rep. 1; State v. Mut. Ben. Ass'n, 42 Ohio, 579; Sanger v. Rothschild, 123 N. Y. 577; Ben. Ass'n v. Burkhart, 110 Ind. 189; Park v. Welch, 31 Ill. App. 188; Armstrong v. Warner, 33 N. Y. Sup. 665; Smith v. Ben. Soc., 123 N. Y. 85; Knights of Honor v. Marion, 26 N. W. Rep. 826; Mut. Ass'n v. Montgomery, 70 Mich. 587; 38 N. W. Rep. 588; Mut. Ben. Ass'n v. Stapp, 77 Tex. 517; 19 Am. St. Rep. 786; Shea v. Benefit Ass'n, 160 Mass. 289; 39 Am. St. Rep. 475; Lake v. Mas. Rel. Ass'n, 52 Am. St. Rep, 543 Ryan v Rolfe, 42 N. W. Rep. 1094; 76 Mich. —. (2) The next question is whether or not the defense of suicide can be taken advantage of by the defendant association, it being admitted that it is an assessment association doing business under that plan under the laws of your state. Hanford v. Ben. Ass'n, 122 Mo. 50; Sparks v. Indemnity Co., 61 Mo. App. 109; Ins. Co. v. Rosenheim, 56 Mo. App. 27; Haynie v. Indemnity Co., 139 Mo. 416.

TRIMBLE & BRALEY and WM. H. WALLACE for respondent.

(1) Under the statutes there is no other restriction upon the assignment of a policy or certificate, than that the assignee shall have an insurable interest. A creditor has an insurable interest in the life of the debtor. May on Ins. [2 Ed.], sec. 108; Floyd v. Ins. Co., 72 Mo. App. 455; Heusner v. Ins. Co., 47 Mo. App. 336; Ins. Co. v. Rosenheim, 56 Mo. App. 27; Warnock v. Davis, 104 U. S. 775; Wilkinson v. Ins. Co., 63 Mo. App. 405. (2) If it should be held that the articles of

association and by-laws form part of the contract of insurance, the transfer of the policy to the bank, as security for a debt is not such a change of the beneficiary as is prohibited by the by-laws referred to by the appellant. The policy being made payable to the member's estate he had a right to create a charge against the proceeds of the policy in favor of a creditor for money advanced upon the policy. This is not a change of beneficiary nor an absolute assignment. Harding v. Littledale, 150 Mass. 100; Ins. Co. v. O'Brien, 92 Mich. 584; Basye v. Adams, 81 Ky. 368; Ins. Co. v. Rosenheim, 56 Mo. App. 27; Dillingham v. Cotton Exchange, 49 Fed. Rep. 719. (3) If the articles of association and by-laws of the defendant are construed to form a part of the contract of insurance, then it is clear that the consideration for this contract is a fixed premium, and the contract falls within the provisions of our statute relating to general life insurance, and not within the provisions of the statute relating to insurance companies under the assessment plan. (4) Under this state of facts the contract is a premium policy governed by the general provisions of our statute in reference to old line insurance and none of the defenses attempted to be interposed by the defendant are available. And this is true notwithstanding the defendant has permission of the insurance department to transact business in this state as a company doing business on the assessment plan. R. S. 1889, sec. 5865; Hanford v. Ben. Ass'n, 122 Mo. 50; Jacobs v. Life Ass'n, 142 Mo. 49; Thassler v. Life Ass'n, 67 Mo. App. 505.

ELLISON, J.—This is an action on a benefit certificate of insurance issued to Frank Hueben in the sum of $2,000. He assigned it to the Missouri National Bank, of Kansas City, Missouri, as collateral security for an indebtedness to the bank amounting to more than the sum called for in the certificate. He afterwards died. Defendant is a corporation of the state of Iowa. Plaintiff is assignee of the Missouri National Bank

and as such has brought this action in which he was successful in the trial court.

In this state suicide is not a defense against a life policy issued by the standard, or what are commonly called "old line" insurance companies, unless it was contemplated when the insurance was taken out. R. S. 1889, sec. 5855.

INSURANCE: assessment and old line: suicide. But on policies or certificates issued by insurance companies organized and doing insurance business on the assessment plan, suicide is a defense. Sparks v. Indemnity Co., 61 Mo. App. 109. It was a question of dispute at the trial whether Hueben killed himself or was killed by someone else. There was evidence tending either way, and the court submitted the question of self-destruction to the jury, directing a verdict for defendant if it was found that Hueben killed himself. So the trial court must have taken the position that defendant is an assessment company. And in this the court did right for the pleadings admit it is such a corporation, the petition itself so stating. Plaintiff undertakes to avoid this by reference to the case of Jacobs v. Life Ass'n, 142 Mo. 49. That case does not decide that the character of corporation which is a party to a suit may not be admitted in the pleadings. It merely holds that the plaintiff, in his petition, calling the defendant "a benevolent association," was not an allegation or admission that it was a corporation formed and doing business "on the assessment plan." That case is not understood to mean that a plaintiff by his petition, can not admit, or allege so as to be bound thereby, the character of corporation the defendant may be.

Treating, therefore, the defendant as an assessment company, we find that the question of suicide as a defense is eliminated by the findings of the jury that his death was not self inflicted.

But defendant interposes the objection to plaintiff's recovery that the by-laws of the company directly forbid a

change in the beneficiary without defendant's consent, which was not had in this case. Defendant contends that these by-laws are a part of the contract and binding upon the beneficiary and his assignee. The certificate of insurance especially refers to the by-laws and makes them a part of the contract and we are therefore of the opinion that they bind the plaintiff.

*—— : beneficiary: assignment: collateral security.*

But plaintiff meets this position by the contention that an assignment of the certificate as collateral security is not a change of the beneficiary. He cites us to the cases of Ins. Co. v. O'Brien, 92 Mich. 584, and Dillingham v. Cotton Exchange, 49 Fed. Rep. 719, as bearing out his proposition. An assignment by the assured to some one other than the beneficiary is a change in the beneficiary and whatever may be said of the application of the cases referred to we do not believe that a member of an assessment company can assign the certificate or change the beneficiary, in violation of the by-laws of the company which have been made a part of his contract. In this statement of the law we are borne out by the following cases. Coleman v. Supreme Lodge, 18 Mo. 189; Head v. Supreme Council, 64 Mo. App. 212; Grand Lodge v. Elsner, 26 Mo. App. 108; Legion of Honor v. Smith, 45 N. J. Eq. 466; Sanger v. Rothschild, 123 N. Y. 577; Mut. Ben. v. Burkhart, 110 Ind. 189; Presbyterian Mut. v. Allen, 106 Ind. 593; Mut. Ben. Ass'n v. Brown, 33 Fed. Rep. 11. The latter case was an attempt to change the beneficiary by way of assignment as collateral security.

We have found no objection to the capacity of plaintiff's insolvent bank to become beneficiary under the laws of Iowa. For while the law is well settled that a valid certificate can only be issued to a beneficiary contemplated by and within the terms of the statute, Keener v. Grand Lodge, 38 Mo. App. 543, yet, in this case, we find the beneficiary clause of the statute to be exceedingly broad. It permits a certificate

to issue to the husband, wife, relative, legal representative, heir, or legatee of the member. If it could issue to a legatee or legal representative, it could, of course, be issued to a creditor. Ben. Ass'n v. Bunch, 109 Mo. 560. We therefore place our decision against plaintiff's claim upon the ground that an assignment and change of beneficiary has been made without the consent of the company and that it is therefore void.

The views here expressed make it unnecessary to pass upon many points suggested by counsel for either side. The judgment is reversed. All concur.