EMIL REINHOLD, Respondent, v. T. W. KERRIGAN, Appellant.

**St. Louis Court of Appeals, October 1, 1900.**

1. **Judgments: STATUTE OF LIMITATIONS, CONSTRUCTION OF.** In the case at bar when the original judgment was rendered (1884) the statute provided that judgments of courts of record should be barred after twenty years (Rev. Stat. 1889, sec. 6796), and the amendment passed in April, 1895 (Laws of 1895, page 222) shortening the period of limitations as to such judgments to ten years was prospective and not retrospective, and the plaintiff's judgment was not affected by it.

2. ———: **PAYMENT OF PORTION OF LIQUIDATED CLAIM: CONSIDERATION: SATISFACTION.** The payment in money of a portion of a liquidated claim is not a good satisfaction, although so accepted, unless the new agreement is supported by a new consideration.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

No brief furnished for appellant.

*J. Hugo Grimm* for respondent.

(1) The act of 1895 did not have any retrospective effect, and hence the judgment sued upon so far from being

barred at the time the suit was brought had about eleven years longer to run.    Cranor v. School District, 52 S. W. Rep. 232; Weber v. Manning, 4 Mo. 229; Riggs v. Goodrich, 74 Mo. 108.    (2)    If plaintiff himself had made the agreement of compromise he might still recover the difference between the amount actually due him and what was paid under the supposed settlement.    The amount was fixed by judgment and could not possibly be disputed; hence, there was no consideration for an agreement to accept less than was due.    Klaussman v. Schoenlau, 32 Mo. App. 357; Reilly v. Kershaw, 52 Mo. 224.

BIGGS, J.—This action was brought before a justice of the peace on March 24, 1898.    It is based on a judgment rendered in the circuit court of the city of St. Louis on May 19, 1884.    On a trial *de novo* in the circuit court the cause was submitted to the court, a jury having been waived.    The defendant pleaded the statute of limitations and payment in bar of the action.    The circuit court rendered a judgment against the defendant for $316.48, from which he has appealed.

The plea of the statute of limitations must be decided against the defendant.    When the original judgment was rendered (1884) the statute provided that judgments of courts of record should be barred after twenty years (R. S. 1889, sec. 6796).    In April, 1895 (Laws of 1895, p. 221), the legislature amended the law shortening the period of limitations as to such judgments to ten years.    In the case of Cranor v. School District, 52 S. W. Rep. 232, the supreme court decided that the amended act was prospective and not retrospective.    Under this interpretation of the new statute the plaintiff's judgment was not affected by it.

In 1896 the attorney who recovered the original judg-

Reinhold v. Kerrigan.

ment accepted one hundred dollars in full satisfaction of the judgment.    The plaintiff repudiated this settlement.    In proof of the alleged compromise the defendant relied on the testimony of the attorney, whose statement was to the effect that in 1892 the plaintiff authorized him to compromise the judgment for one hundred dollars; that the defendant declined the proposition, of which the plaintiff was advised; that subsequently the plaintiff removed to South Africa; that in 1896 the defendant offered to pay one hundred dollars, which was accepted without other instructions or authority from plaintiff.    It is evident the attorney acted without authority in the attempted compromise of the debt.    Accepting as true his statement that the plaintiff was willing in 1892 to accept $100, it furnishes no proof of a continuing offer.    But if the compromise was made with authority the plaintiff would not be bound because there was no consideration for the new agreement.    It is elementary law that the payment in money of a portion of a liquidated or undisputed claim is not a good satisfaction, although so accepted, unless the new agreement is supported by a new consideration.   Klausman v. Schoenlau, 32 Mo. App. 359; Henson v. Stever, 69 Mo. App. 140.

The exception that the judgment is excessive (the circuit court having failed to give credit for the amount paid to plaintiff's attorney), must likewise be ruled against the defendant. It suffices to state that no such complaint was made in the motion for a new trial.

The judgment of the circuit court will be affirmed.   All concur.