JESSE N. GOODSON et al., Respondents, v. NATIONAL MASONIC ACCIDENT ASSOCIATION, Appellant.

Kansas City Court of Appeals, January 6, 1902.

1. **Accident Insurance: BY-LAWS: PART OF POLICY.** Before the by-laws of a mutual insurance company can control or change the terms of a policy they must be made a part of such policy.

2. ————: **POLICY: SPECIFYING AMOUNT OF INDEMNITY.** The statute requires insurance companies, doing business under its provision, to specify the exact sum of money which it promises to pay upon each contingency insured against; and so where a policy accepts the assured as a member of "class one," and on its back shows that members of that class are entitled to five thousand dollars as indemnity against the contingency named, such policy fixes such sum as the specific sum to be paid to the beneficiary.

3. ———: ———: ———: BY-LAWS. And such specific amount can not be changed by a by-law not set out in the policy, although the policy recites that the by-laws of the company are a part of the policy, since the statute means that the sum insured must be found in the policy itself.

4. ———: ———: ———: STATUTORY CONSTRUCTION. Section 7903, Revised Statutes 1899, does not in terms say either foreign or local companies but any corporation of this State doing business in conformity to the provision of this article, and it applies, therefore, to foreign and local companies alike.

5. ———: SETTLEMENT WITH BENEFICIARY: DISCHARGE: STATUTE. Where a beneficiary settles with a company for the death of her husband for a less sum than the policy called for and gives a receipt in full discharge of the policy, she does not, before suing for the balance, have to return the amount paid nor secure a setting aside of the release, but may, under the statute, try such issue as a part of the whole case.

6. ———: ———: PAYMENT OF SMALLER AMOUNT: CONSIDER-ATION. A policy of insurance gave the beneficiary five thousand dollars; she, through mistake, settled with the company for one thousand dollars. *Held*, the payment of such less sum is not sufficient consideration to support the settlement since the beneficiary gained nothing thereby nor did the insurer lose anything. Cases involving disputed amounts distinguished.

7. ———: ———: TENDER BACK OF PAYMENT. A party need never restore that which in any event of the dispute he is entitled to retain; so on the facts in this case the beneficiary did not have to tender the one thousand dollars accepted by mistake.

8. ———: ———: ASSIGNMENT OF BALANCE: SPLITTING DE-MANDS. A beneficiary settled with an insurance company for one thousand dollars, when the true amount was five thousand dollars; she afterwards assigned the remainder to the plaintiffs. *Held*, there was no splitting of the demand or dividing the cause of action against the insurer.

9. ———: ASSIGNMENT: BARE RIGHT OF ACTION: CONSIDERA-TION: SURETIES. The assignment in this case is not that of a bare right to bring an action, but was the assignment of a substantial claim for what the law recognizes as a valuable consideration, to-wit: Moneys paid by the plaintiffs for the account of the assured as his sureties and the amount of the actual consideration passing from plaintiffs to the beneficiary can not concern the insurer.

Goodson et al. v. Nat. Masonic Accident Assn.

Appeal from Nodaway Circuit Court.—*Hon. Gallatin Craig*, Judge.

AFFIRMED.

*W. W. Ramsay* and *W. A. Blagg* for appellant.

(1) The answer of defendant pleaded the payment of one thousand dollars to Eunice Graves, assignor of plaintiffs, and beneficiary in the insurance policy sued upon, and set up her receipt and release for said amount as a completely executed contract, knowingly, voluntarily and understandingly entered into by said Eunice Graves and as constituting an absolute legal bar to any further demand upon her part or upon the part of her alleged assignees. Such release, so pleaded, until set aside by an action in equity or at least by an issue of fraud or deceit in its procurement, set up in reply, ought to constitute a complete bar to this suit. Ins. Co. v. Howard, 111 Ind. 544; Cobb v. Hatfield, 46 N. Y. 533; Moriarty v. Stofferan, 89 Ill. 528; Doane v. Lockwood, 115 Ill. 490; Jarrett v. Morton, 44 Mo. 275; Estes v. Reynolds, 75 Mo. 565; Cahn v. Reid, 18 Mo. App. 115; Och v. Railway, 130 Mo. 27; Hancock v. Blackwell, 139 Mo. 440. (2) And if plaintiffs sought to avoid or cancel the release of their assignor, Eunice Graves, the parties should have been put *in statu quo;* plaintiffs should have tendered back the one thousand dollars received by their assignor at the time of and for which the release was given. Railroad v. Hayes, 83 Ga. 558; Ins. Co. v. Howard, 111 Ind. 544; Gould v. Bank, 86 N. Y. 75; McMichael v. Kilmer, 76 N. Y. 36; Ryan v. Ward, 48 N. Y. 204; Coon v. Knap, 4 Seld. 402; Cleary v. Light Co., 19 N. Y. Supp. 951; Och v. Railway, 130 Mo. loc. cit. 45. (3) We now maintain that neither Eunice Graves nor her alleged assignees can split her cause of action by holding fast to the one thousand dollars by her received in consideration of which she exe-

cuted her receipt in full release to all of the indivisible claim which she then had against the association and now be permitted to utterly disregard said receipt and release and to institute and maintain an action for another portion of the same indivisible claims. Moran v. Plankinton, 64 Mo. 337; Funk v. Funk, 35 Mo. App. 246; Green v. Von der Ahe, 36 Mo. App. 394; Mateer v. Railroad, 105 Mo. 320; Hinkle v. Railroad, 31 Minn. 434; Union Etc., Co. v. Traube, 59 Mo. 355; Och v. Railroad, 130 Mo. loc. cit. 49. (4) It certainly is the law in this State, in cases like the one at bar, that the certificate of membership, the application for same, together with the articles of incorporation and by-laws of the association, constitute the contract of insurance between the association and its member. Bacon on Benefit Societies and Life Insurance, secs. 69-81; Grand Lodge of A. O. U. W. v. Sater, 44 Mo. App. 445; Hirsch v. U. S. Grand Lodge, 56 Mo. App. 101; Scheele v. State Home Lodge, 63 Mo. App. 277; Masonic Benefit Ass'n v. Bunch, 109 Mo. 560; Bacon on Benefit Societies, sec. 161, and cases cited; Britton v. Supreme Council, 46 N. J. Eq. 102; Lodge v. Knight, 117 Ind. 489; Lorcher v. Supreme Lodge, 72 Mich. 316; Lamont v. Legion of Honor, 31 Fed. Rep. 177; Wallace v. Bankers Life Ass'n, 80 Mo. App. 102; Head v. Council Cath. Knights, 64 Mo. App. 212; Coleman v. Knights of Honor, 18 Mo. App. 194; Stewart v. Supreme Council, 36 Mo. App. loc. cit. 330; Niblack on Benefit Societies, sec. 218. (5) The settlement with Eunice Graves, beneficiary in said certificate, and her release of all claims against the defendant company, set up in defendant's answer, under the laws of this State surely was a lawful and effectual bar to recovery until the same was set aside by a bill in equity or overcome by proper allegations in reply, that same was procured by fraud or wrong on part of defendant and by evidence sustaining such charge of fraud and wrong. George v. Tate, 102 U. S. 564; Stuart v. Rector, 1 Mo. 361; Mitchell v. Parker, 25 Mo. 31; Kearney v. Vaughan, 50 Mo. 284; .

Homuth v. Railroad, 129 Mo. 629; Och v. Railroad, 130 Mo. 27; Blair v. Railroad, 89 Mo. 383; Hancock v. Blackwell, 139 Mo. 440.    (6) "The assignment of a bare right to file a bill in equity for a fraud committed on the assignor, will be void, as being against public policy and savoring of maintenance." 1 Am. and Eng. Ency. of Law, p. 833; Railroad v. Railroad, 25 Wis. 183; Gardiner v. Adams, 12 Wend. 297; Marshall v. Means, 12 Ga. 61; Dayton v. Fargo, 45 Mich. 153; Jones v. Babcock, 15 Mo. App. 149; Smith v. Harris, 43 Mo. 557-562; Story's Eq. Juris., sec. 1040; Morrison v. Deaderick, 10 Humph. 342; McMahan v. Allen, 34 Barb. 56.    (7) Nor can it be successfully claimed that Eunice Graves received no consideration for her settlement with the association.    She received $1,000 in money for it; besides, the compromise of a doubtful claim asserted in good faith affords a valuable consideration to support her settlement.    Draper to use v. Owsley, 15 Mo. 613; Livingston v. Dugan, 20 Mo. 102; Stephens v. Spiers, 25 Mo. 386; Rinehart v. Bills, 82 Mo. 534.    (8) The contention below and here made by appellant was and is that it, being a foreign corporation doing business in this State, is not affected by the provisions of section 5862, Revised Statutes 1889.    The very language, purpose and provisions of the section negative the thought that it was intended to apply to foreign companies doing business in this State.    (9) But even should this court believe that appellant, a foreign company doing business in this State under article 3, chapter 89, Revised Statutes 1889, was governed by and should have complied with the provisions of section 5862 of said chapter of the statutes, then our answer is that appellant association did fully comply with said section and their policy or certificate of membership did specify the exact sum of money which it promised to pay Henry Graves upon the event of his death occurring in "Class 1" of "Division B" at $5,000 or in the event of his death occurring while

engaged in an act classified by the association in "Class 6" of "Division B" at $1,000.

*E. A. Vinsonhaler* for respondent.

(1) Appellant's first point that the $1,000 paid by it to Mrs. Graves should have been tendered back and a bill in equity filed for the cancellation of the alleged settlement, might be fully answered by citing the recent case of Winter v. Cable Co., 73 Mo. App. 173; s. c., affirmed in 160 Mo. 159. Here the sum of $1,000 was due without any question. Mrs. Graves was entitled to this and the appellant when it paid it, paid no more than it admitted was due. It was therefore unnecessary to make this tender before commencement of this action. Under the authority of the case of Girard v. Wheel Co., 123 Mo. 358, before the enactment of section 654, Revised Statutes 1899, the issue of the validity of a release might be raised by reply and it was so raised by the plaintiffs' pleadings. Even before the enactment of the statute cited, a receipt in such case as here was triable at law and a bill in equity would not lie for its cancellation. 1 Beach on Contracts, page 463. Young v. Schofield, 132 Mo. 650. (2) I understand the cases cited by appellant under his second point require a litigant to try his entire case in one suit, and not harass a defendant with more than one action for the same cause; but I do not see how they apply here. Upon this contract there is now and has been, but one action brought. It is like assigning a note when part has been paid. Where the demand is distinct it may be assigned even though part only of the money to be paid under one contract. Adler v. Railway, 92 Mo. 249. (3) The by-laws are not a part of the contract here. It is only where the "organization conducts their business as fraternal societies on the lodge system" that they are exempt from the provisions of our statute. R. S. 1899, sec. 7913. Knights Templar and Masonic Ins. Co. v. Berry, 51 Fed. 511. There

is nothing in the application or policy, or certificate, to inform him of it, and the testimony of Morehouse is that Graves understood he was getting insurance to the amount of $5,000, and no other or different sum.   This statute was passed in order to avoid misunderstanding and applies here as decided by the Supreme Court of this State.   Hanford v. Mass. Ben. Association, 122 Mo. l. c. 59; McFarland v. Accident Ass'n, 124 Mo. l. c. 221; Miller v. Hillsborough Co., 44 N. J. Eq. 224; 1 May on Insurance (3 Ed.), secs. 7 and 8.   (4) This point is the same as the first and we think is there disposed of.   It is not the adjustment of an unliquidated claim, or the settlement of a disputed matter.   Everybody agreed that the sum paid was due.   So the plea of release in answer is supported by no consideration and is of no effect.   Swaggard v. Hancock, 25 Mo. App. l. c. 606; Winter v. Cable Co., 73 Mo. App. 173.   (5) This is not the assignment of a bare right to file a bill in equity.   No bill could have been filed.   It is either the assignment of appellant's promise to pay $4,000 or it is nothing at all.   She may have given it to these respondents.   That is no concern of this insurance company. 2 Ency. Law (2 Ed.), 1075.   These respondents as sureties on the official bond of her husband paid over $15,000, and Mrs. Graves was evidently moved thereby to make this transfer.   By the death of the assured it ceased to be a policy of insurance and became a debt due the wife solely (Reed v. Painter, 129 Mo. 674), which she had a right to assign.   Floyd v. Ins. Co., 72 Mo. App. 455.   Neither is there maintenance in it. Mrs. Graves retains no interest in it.   Hoyt v. Thompson, 5 N. Y. 320-327.   And even if this transfer is infected it does not concern appellant.   Euneau v. Rieger, 105 Mo. l. c. 682; Bent v. Priest, 86 Mo. 475. (6) Appellants contention that section 5862, Revised Statutes 1889 (section 7903, R. S. 1899), does not apply to foreign corporations is ingenuous.   The first section of this article defines assessment companies and then provides that "the business involving the issuance of such

contracts shall be carried on in this State only by duly organized corporations which shall be subject to the provisions and requirements of this article." In State v. Beazley, 60 Mo. 220-222, foreign corporations were held to be within the meaning of a similar statute. In construing statutes these rules are axiomatic. Bank v. Haywood, 62 Mo. App. 550. St. Joseph v. Porter, 29 Mo. App. 605; State ex rel. v. Hostetter, 137 Mo. 636; State ex rel. v. Field, 112 Mo. 554; State v. Bennett, 102 Mo. 356; Logan v. Ins. Co., 145 Mo. 114-123. (7) Although the certificate placed Henry Graves in "Class 1" of "Division B," and thus fixes the death benefit at $5,000, yet as there are eight classes in "Division B," and all are printed on the back of policy, therefore, appellant contends the exact amount payable upon the happening of each contingency insured against is specified in the policy. That would do if anywhere upon, in, or about the policy it appeared that Henry Graves belonged to Class 6; but a reading of every word of this policy clearly shows that it does not in anyway specify that Henry Graves was in Class 6. Miller v. Hillsborough Co., 44 N. J. Eq. 224.

ELLISON, J.—This is an action to recover a balance alleged to be due on a certificate of life insurance issued by a foreign insurance company on the statute relating to insurance on the assessment plan. The cause was tried by the court without the aid of a jury and judgment rendered for plaintiffs. The facts are as follows: The defendant is a company organized in the State of Iowa but does business in this State as provided by our statute. In June, 1899, it issued to Henry Graves, a real estate and loan agent, a certificate policy of insurance payable to his wife, worded as follows:

"In consideration of the warranties and agreements in the application for this certificate, which application is indorsed upon the back hereof and made a part hereof, does hereby accept Henry Graves of Maryville, county of Nodaway, State

of Missouri, occupation real estate and loans, a member of Division B, in Class No. 1, of this association, subject to all the conditions and provisions of the articles of incorporation and by-laws thereof.

"And subject to such conditions and provisions, which are hereby made conditions precedent to the accruing or payment of benefits, such member is entitled to the benefits appertaining to the division and class of which he is a member under article 10 of the articles of incorporation and the classification contained therein, which classification of benefits is a part of the said application, indorsed on the back hereof.

"Benefits in case of death by accident are payable to Eunice Graves (wife) if living; if not, to the legal heirs of said member; in all other cases to the member in person."

On the back of the policy was printed article 10, of the articles of incorporation, which showed that the amount of insurance in "class one" for death was $5,000, and it also showed that in "class six," the amount of insurance was $1,000. The application for the policy showed the same thing. Section 10, of the by-laws of the defendant company provided a number of instances by reason of which, if death resulted, the company would be excused from paying any sum. It then further provided: "Neither shall any benefits accrue on account of any injury or death happening through or while in any degee under the influence of intoxicating liquors or narcotics; nor shall any greater amount be paid to any member or his beneficiary than the amount named in class six, for or on account of any injury received by any member 'while hunting *or while in any way using or handling firearms.*" Afterwards, Graves was killed by the accidental discharge of a pistol while he was handling the same. The defendant company then made claim that as deceased's death was caused by his handling firearms, the policy, under the by-laws just quoted, was reduced from class one for $5,000, to class six for $1,000.

And so claiming, the company settled with the widow and took her receipt in full of all claim under the policy.

These plaintiffs were sureties on the official bond of Graves as public administrator, he having theretofore held that office, and they became liable on such bond for a sum of money much larger than $5,000 which they were compelled to pay. The widow coming to believe that she was entitled to the full sum fixed by class one, as called for in the policy, for a valuable consideration assigned her right and title to the balance of $4,000 to these plaintiffs, who have brought the action as aforesaid.

It being conceded that the assured came to his death by the accidental discharge of a pistol while he was handling it, we will first consider whether defendant is liable for the $5,000 due under class one, referred to in the policy, or the $1,000 due under class six, as specified in the foregoing italicised words from the by-laws. We have heretofore ruled that in order that the by-laws of mutual insurance companies shall have sufficient influence to control or change the terms of the policy, they should be made a part of the policy. Elliott v. Ins. Co., 76 Mo. App. 562; Wallace v. Ins. Co., 80 Mo. App. 106. But in this case it will be seen that the policy does make the by-laws of defendant a part of the policy. Therefore, ordinarily, as is shown by the authorities cited in defendant's brief, the by-laws would have controlling effect; and we should so hold as applied to this case, but for the following consideration. It is enacted in section 7903, Revised Statutes 1899: "Every policy or certificate hereafter issued by any corporation of this State doing business in conformity with the provisions of this article, and promising a payment to be made upon a contingency of death, sickness, disability or accident, shall specify the exact sum of money which it promises to pay upon each contingency insured against, and . . . the corporation shall be obligated to the beneficiary for such payment at the time and to the amount specified in the policy or

certificate." By reference to the terms of the policy above set out, it will be seen that while no sum is specified in the face of the policy, it is there stated that the sum of money promised to be paid is found indorsed on the back of the policy in article 10 of the articles of incorporation which is made a part of the policy; and this article does specify the sum to be paid for class one, named in the policy, to be $5,000. This, though somewhat indirect, is a specification in the policy of an exact sum of money to be paid on the contingency of death. For the indorsement on the back of the policy, referred to, as this is, in the face thereof, is actually a part of the policy itself. But this is not the case with the provision for the payment of $1,000. That sum is not specified in the policy. But for a separate and distinct by-law no one would suppose that there was any insurance for the sum of $1,000. There is no intimation in the policy, much less a specification, that a contingency could arise whereby the assured would only be insured in the sum of $1,000. It is true that the policy refers to the by-laws, making them a part of the contract, and we have said that in such case the by-laws might have effective control of the contract. But not so in view of this statute. The sense of the statute is that the sum insured must be found in the policy itself. Defendant urges that the only object of the statute was to avoid the uncertainty of amounts and disputes arising thereon, in cases where the sum insured was made to depend upon the collection of assessments and the condition of various funds, etc. Doubtless that was an object of the statute, but not the only one. A further object is seen in this case. Here is a foreign insurance company which issues a policy in this State, now claiming that the amount agreed to be paid under its contract, shall only be one-fifth the sum named on account of a by-law in its foreign office which the assured never saw.

It is, however, suggested by defendant that section 7903 does not apply to foreign insurance companies—that by its

terms it is restricted to local companies. The wording of the statute does not, in terms, say either foreign or local. It says: "any corporation *of* this State doing business in conformity to the provisions of this article." Both kinds of corporations are authorized to do business by that article and we are inclined to the view that the Legislature meant by the words aforesaid to include both foreign and domestic corporations. The foreign corporation entering this State, complying with our laws, subjecting itself to the jurisdiction of our courts and pursuing its business, does become a corporation "of this State" in the sense of the statute. There is no reason why the Legislature should apply the burden of the enactment to domestic companies. It would be a discrimination which can not be supposed, in the absence of clear expression, to have been intended. Though the point thus made by defendant was not brought to the attention of the Supreme Court, yet in the case of McFarland v. Ins. Co., 124 Mo. 221, the statute was applied to a foreign company. We therefore hold that Mrs. Graves, at the death of her husband, was entitled to the sum of $5,000 specified in the policy.

But defendant contends that though the wife of deceased was entitled to that sum at his death, she, on a settlement with the company, accepted $1,000 in full discharge of the policy and that she executed a paper containing a receipt for that sum in which she discharged the company from further liability. In support of this branch of defendant's objection to the judgment, it is said that the money was paid as in full discharge of the policy and that before it could be avoided the amount paid should be tendered back and the discharge set aside for fraud or mistake; and we are cited to the cases of Och v. Railway, 130 Mo. 27; Homuth v. Railway, 129 Mo. 629; Hancock v. Blackwell, 139 Mo. 440, and Courtney v. Blackwell, 150 Mo. 245. In those cases it is decided that a release of a cause of action for an unliquidated demand, obtained on a consideration, but fraudulently, was a bar to a suit

on the cause of action until it was first set aside in equity; and in the last case cited, it is held by a majority of the court that the issue of a fraudulent procurement of the release could be first tendered by plaintiff in the reply. But whatever opinion may have formerly prevailed, it is now settled by the statute that a plea of fraudulent, or wrongful procurement of a release can be set up in plaintiff's reply and that that issue shall be tried by a jury *with and as a part of the whole case* and a general verdict returned. Sec. 654, R. S. 1899.

In this case the defendant set up the release in his answer; and the plaintiffs by reply, while not specifically alleging fraud, stated facts showing that it was wrongfully procured from Mrs. Graves and distinctly alleged that it was without consideration. The issue was therefore properly presented to the trial court and was determinable as any other issue in an action at law. But counsel say that however the issue should be tendered, and whether at law or in equity, the release should be first set aside before plaintiffs could recover. If it is meant that the release should be set aside as a separate issue by separate trial, it is in the face of the statute to which we have just referred. If it is meant that the release must be avoided by the plaintiffs by proper showing at the trial before a judgment could properly be rendered for them, we agree to that, and we think plaintiffs have met that requirement. But defendant insists that when the payment of one thousand dollars was admitted that that was a consideration. We are not of that opinion. We have already seen that under the contract of insurance the defendant company owed Mrs. Graves the fixed sum of five thousand dollars. This was a liquidated sum and could not be discharged by the smaller amount unless there was some consideration for it. To say that the payment of the less sum was the consideration, is to argue in a circle. In determining whether there was a consideration the question is, what was the legal benefit to Mrs. Graves, or else, what was the loss to defendant by the payment of one thousand dollars

in discharge of five thousand? She certainly did not gain by it, and defendant did not lose by it, since it was only one-fifth of what it rightfully owed. And so it has many times been held that the payment of a sum less than a liquidated demand is no consideration for a discharge of the whole demand: Winters v. Railway, 73 Mo. App. 173, 194; s. c., 160 Mo. 159; Henson v. Stever, 69 Mo. App. 136. And this is true even though the creditor, as in this case, gives a receipt for the whole agreeing therein to receive it for the whole. Riley v. Kershaw, 52 Mo. 224.

But the further insistence is, that when one is tendered a sum of money on condition that it be taken in full of the demand and he accepts the sum tendered he also, *ipso facto*, accepts the condition. We so ruled in St. Joseph School Board v. Hull, 72 Mo. App. 403. But that rule presupposes there is a *dispute or disagreement,* in good faith, as to the amount of the demand. The rule has no application where a part of a claim is accepted under the mistaken view that it was the *whole* claim. That was this case. Mrs. Graves was shown defendant's by-law which made her claim only one thousand dollars on account of the manner of her husband's death. There was no dispute about it. There was no tender coupled with a condition. Defendant said to her that it only owed her one thousand dollars and she, laboring under a mistake, thought defendant was right and took the money. Such state of facts leave no room for the application of the rule stated above.

Neither do we think that it was necessary for plaintiffs to tender to defendant the $1,000 received by Mrs. Graves. The rule, in that respect, is that a party need never restore that which in any event of the dispute he is entitled to retain. Alexander v. Railway, 54 Mo. App. 66; Winter v. Railway, 73 Mo. App. 173, and same case, 160 Mo. 159. In this case the defendant concedes, and has at all times since Graves' death, conceded, that it owed $1,000 on account thereof. To show the uselessness of returning it, it need only be stated

that if it should be returned, defendant would be compelled to pay it again, on its own concession.

As a final objection to the judgment of the trial court, it is claimed that Mrs. Graves could not make the assignment—that her acts in receiving the $1,000 from defendant and assigning her remaining rights in the proceeds of the policy to these plaintiffs amounted to dividing her cause of action. That she thereby split her cause of action into two demands; a thing which the law, ordinarily, refuses to countenance. We do not think that that rule of law applies to this case. She did not divide the cause of action. She merely received a payment which was a *part* payment of her legal demand and assigned the balance due to these plaintiffs. It was no more splitting the cause of action than would be the assignment of a note or an account on which payment had been made and on which a balance was due.

In further objection under this head, defendant says that the law disapproves of an assignment of a bare right to bring an action, and claims that such was this assignment. We do not think this was such an assignment. This was an assignment of a substantial claim owned by Mrs. Graves, to these plaintiffs for what the law recognizes as a valuable consideration. The amount of that consideration does not concern the defendant. If it was satisfactory to Mrs. Graves no one can complain. The fact that the large sum of money which the deceased owed these plaintiffs for payments made on his account, as his sureties, was not a debt due from her and for which she could not in any way be made liable, did not, as a legal proposition, prevent her, as a free agent, from selling and assigning her property to them; or, if she so chose, from giving it to them.

An examination of the whole case has satisfied us that the judgment of the trial court should not be disturbed and it is accordingly affirmed. · All concur.