DENNIS ANDERSON, Respondent, v. MISSOURI
BENEFIT ASSOCIATION, Appellant.

Kansas City Court of Appeals, December 31, 1917.

1. INSURANCE, LIFE: Assessment Companies: Suicide: Foreign and Domestic. Domestic and foreign assessment life insurance companies are subject alike to section 6945, R. S. 1909, providing that suicide shall not be a defense to an action on a policy written by such companies.

2. ————: Suicide: Assessment Companies. A domestic assessment life insurance company issued a policy upon the life of one George Anderson in favor of plaintiff for $100. The policy provided that if the insured committed suicide the beneficiary should receive only fifty dollars. Anderson committed suicide by shooting himself. The company refused to pay the full amount, claiming that section 6945, R. S. 1909 (the suicide statute) did not apply to domestic assessment companies. It was *held* that a proper interpretation of section 6959, R. S. 1909, makes both foreign and domestic assessment insurance companies subject alike to section 6945 which provides that suicide shall be no defense and that therefore the plaintiff was entitled to recover the sum of $100.

198 M. A.—7

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burns,* Judge.

AFFIRMED.

*James H. Hull* and *Martin E. Lawson* for appellant.

*Guy B. Park* for respondent.

BLAND, J.—This is a suit on an insurance policy in the sum of one hundred ($100) dollars, issued by defendant on April 6, 1910, insuring the life of George Anderson in favor of plaintiff. The policy provided that if the insured committed suicide the amount that was to be paid to his beneficiary was fifty ($50) dollars. On January 20, 1910, the insured committed suicide by shooting himself.

Defendant claims that as it is a domestic assessment company it is not bound by a provision of the general insurance laws providing that suicide shall not be a defense in an action upon a life insurance policy. [Section 6945, R. S. 1909] Prior to 1897 (see Session Acts of 1897, page 130), no assessment company, either foreign or domestic, was bound by section 6945, Revised Statutes 1909, prohibiting the defense of suicide to life insurance companies. [Haynie v. The Knight Templars and Masons' Indemnity Company, 139 Mo. 416; Wallace v. Bankers' Life Association, 80 Mo. App. 102; Aloe v. Fidelity Mutual Life Association, 164 Mo. 675; Elliott v. Des Moines Life Association, 163 Mo. 132.]

By an act approved March 15, 1897, section 5869, Revised Statutes 1889, now section 6959, Revised Statutes 1909, was amended (see Session Laws of 1897, page 130). Under this section, as it stood before the Amendment of 1897, the character of insurance companies mentioned in the second half of said section was made subject only to the provisions of section 5912, Revised Statutes 1889, now section 7042, Revised Statutes 1909 (providing for service on foreign companies). By said Act

of 1897 the Legislature extended the provisions of the section that required such insurance companies to conform to section 5912, Revised Statutes 1889, by enacting that such companies in addition to being subject to the last-mentioned section should also be subject to sections of the general insurance statute which now are sections 6945 (the suicide statute), 6937 (the misrepresentation statute), and 6940 (requiring a deposit of premiums paid before a defense on the ground of misrepresentation can be made), Revised Statutes 1909.

It is, however, the contention of defendant that section 6959, Revised Statutes 1909, makes only foreign assessment insurance companies subject to section 6945, Revised Statutes 1909, and that the law has never been changed exempting domestic insurance companies from the provision of such section.

Why the Legislature would desire to make such a discrimination between domestic and foreign insurance companies is beyond any explanation. We know of no reason why the Legislature should apply the burden of the suicide clause to foreign companies and exempt domestic companies from the same. Such would be a discrimination which cannot be supposed in the absence of clear expression on the part of the Legislature to the contrary. [See Goodson v. National Masonic Accident Association, 91 Mo. App. 350.]

Ever since the Amendment of 1897, or for more than twenty years, the bench and bar of this State have accepted section 6959, Revised Statutes 1909, in its reference to sections 6945, 7042, 6937 and 6940 of the general insurance laws, as covering both foreign and domestic insurance companies. [See Collins v. Mut. Life Association, 84 Mo. App. l. c. 556; Logan v. Fidelity and Casualty Co., 146 Mo. l. c. 123; Toomey v. Supreme Lodge, 147 Mo. l. c. 137; Elliott v. Ins. Co., 163 Mo. l. c. 157.]

That part of section 6959, Revised Statutes 1909, pertinent to this case provides ". . . . all such foreign companies are hereby declared to be subject to,

and required to conform to the provisions of sections 6945, 7042, 6937 and 6940, Revised Statutes 1909, and governed and controlled by all the provisions in said sections contained; *provided always,* that nothing herein contained shall subject *any corporation doing business under this article* to any other provisions or requirements of the general insurance laws of this State, *except as distinctly herein set forth and provided."* (Italics ours.)

Section 6959, Revised Statutes 1909, were it not for the proviso therein, might be construed as making only foreign insurance companies subject to section 6945 of the statute (being the suicide section of the general insurance laws), but in view of what we have already said in reference to the rules of construction appertaining to this statute we must construe the proviso of section 6959, Revised Statutes 1909, to mean that no corporation doing business under that article (foreign or domestic) shall be subject to any other provisions or requirements of the general insurance laws of this State, except as to the provisions and requirements of article 3 chapter 61, Revised Statutes 1909, which includes sections 6945, 7042, 6937 and 6940.

As before stated, prior to the Act of 1897, supra, the character of insurance companies mentioned in that part of section 6959, Revised Statutes 1909, quoted above was made subject to section 5912, Revised Statutes 1889 now section 7042, Revised Statutes 1909, only, or that section of the general insurance laws that provides for service on foreign insurance companies. In order to emphasize and make clear the fact that domestic insurance companies were not to be subject to section 5912, Revised Statutes 1889, now section 7042, Revised Statutes 1909, the words "foreign companies" were used in section 5869, Revised Statutes 1889 now section 6959, Revised Statutes 1909. Evidently the Legislature in retaining said words in the Amendment of 1897 meant to continue the emphasis mentioned, but by retaining the proviso it was intended that those sections of the General Statutes mentioned in article 3, chapter 61, Re-

vised Statute 1909 as amended (Laws of 1897, page 130), applicable to domestic companies, should be applied to them.

We are, therefore, of the opinion that a proper interpretation of section 6959 makes both foreign and domestic assessment insurance companies subject alike to section 6945 of the statutes providing that suicide shall not be a defense.

Suicide not being a defense in this case plaintiff was entitled to recover the sum of one hundred ($100) dollars and was not bound by that provision of the policy limiting the amount of the insurance to only fifty ($50) dollars in case of suicide. [Applegate v. Travelers Ins. Co., 153 Mo. App. 63; Harms v. Fidelity and Casualty Co., 172 Mo. App. 241; Dodt v. Ins. Co., 186 Mo. App. 1. c. 176.]

The judgment is affirmed. All concur.