ELLA GATES, Respondent, v. KNIGHT TEMPLARS and MASONIC MUTUAL AID ASSOCIATION, Appellant.

Kansas City Court of Appeals, April 1, 1918.

1. **LIFE INSURANCE:** Assessment Plan: Suicide. The Statute (section 2945, R. S. 1909) providing that suicide shall be no defense to an action on a life insurance policy, is applicable to insurance companies on the assessment plan.

2. ———: Suicide: Contracts. An insurance company doing business on the assessment plan, cannot by contract, under the statutes of Missouri, make suicide a partial defense or reduce the amount of recovery in the event that the insured commits suicide.

Appeal from Macon Circuit Court.—*Hon. Vernon L. Drain,* Judge.

AFFIRMED.

Dan R. and John R. Hughes for appellant.

Guthrie & Franklin and Elmer O. Jones for respondent.

BLAND, J.—Defendant, a foreign life insurance company doing business on the assessment plan in this State, insured the life of Erskine M. Gates in the sum of two thousand ($2000) dollars in favor of his wife who is the plaintiff. The policy provided "that in case a memeber shall die by his own hand, sane or insane, this Association will pay to the beneficiary the amount 'of money paid by the member to the Association, without interest, but such payment shall in no case exceed fifty per cent of said sum of two thousand dollars."

It is admitted that the said Erskine M. Gates committed suicide in this State by taking carbolic acid. The defendant refused to pay the face value of the policy but tendered to plaintiff the sum of two hundred, ninety-six and 61/100 ($296.61) dollars, the amount payable under the policy providing the suicide clause is valid. Plaintiff refused this tender and brought suit for the full amount of the policy, and judgment being rendered in her favor for the amount sued for, defendant has appealed.

It is now firmly settled in this State that section 2945, Revised Statutes 1909 (abolishing the defense of suicide in all cases except where the insured contemplated suicide at the time of his application for the policy), is applicable to insurance companies on the assessment plan. [Section 6959, R. S. 1909; Collins v. Mut. Life Association, 84 Mo. App. 1. c. 556; Logan v. Fidelity and Casualty Co., 146 Mo. 1. c. 123; Toomey v. Supreme Lodge, 147 Mo. 1. c. 137; Elliott v. Ins. Co., 163 Mo. 1. c. 157; Anderson v. Missouri Benefit Association, 199 S. W. 740.] However, it is the contention of the defendant that although suicide is not a defense to

this action, nevertheless, the company may lawfully provide that a smaller amount than the face of the policy be paid in case of suicide, and in support thereof cites the case of Scales v. National Life & Accident Ins. Co., 186 S. W. 948, recently decided by the Springfield Court of Appeals. The St. Louis Court of Appeals in the case of Applegate v. Travelers Ins. Co., 153 Mo. App. 63, had under consideration a policy of insurance which provided that the company "in the event of the death of the said Oliver H. Applegate" (the insured), "loss of limb or sight, or disability caused by gas, vapor or poison, shall pay but one-tenth of the amount otherwise payable." In that case the insured committed suicide by drinking a liquid poison known as carbolic acid and the St. Louis Court of Appeals held that under section 6945, Revised Statutes 1909, the company was liable for the full amount of the policy and could not discharge its obligation by paying one-tenth of the amount, and the same court in the case of Dodt v. Ins. Co., 186 Mo. App. 1. c. 176, approved the Applegate case in very strong language.

The Springfield Court of Appeals in the case of Scales v. National Life & Accident Ins. Co., supra, had under consideration a policy that provided that where death resulted from "any gas, vapor, narcotic, anaesthetic or poison," the insurance would be for but one-fifth of the amount of the face of the policy (terms similar to those of the policy in the Applegate case), but held, differing from the St. Louis Court of Appeals in the last-mentioned cases, that an insurance company might provide for the payment of a certain amount of money for the death or injury resulting from certain causes and a different amount for a death or injury resulting from other causes where it happens under certain designated circumstances. In the Scales case the evidence showed that the insured came to his death by intentionally taking carbolic acid for the purpose of committing suicide. The Springfield Court of Appeals held in that case that the fact that the insured committed suicide had nothing to do with

the right of the company to provide for a less amount of insurance where the insured died by reason of taking poison, and that as the less amount was not based upon any contingency that he died of poison taken with suicidal intent, the question as to whether the insured committed suicide or not was not in the case, there being nothing in the laws of Missouri preventing the company from insuring for a less amount in case of death resulting from any cause, such as the taking of poison, so long as the smaller amount was not based upon the contingency of the insured committing suicide. The Springfield Court of Appeals transferred the Scales case to the Supreme Court on the ground that it was in direct conflict with the Applegate case decided by the St. Louis Court of Appeals.

It is apparent, if the Springfield Court of Appeals had before it the case at bar, that it would decide that the clause in this policy providing for a reduced amount in case of suicide was void, and that plaintiff was entitled to recover the full amount. The clause in the policy in the case at bar does not provide for a smaller amount of insurance in case the accident happened under any other conditions except that of suicide on the part of the insured. This case is to be distinguished from that of the Scales case, for the reason that the decision in the Scales case is based, as we have already stated, on the proposition that the company may provide for a less amount of insurance when the policy contemplates that there shall be the smaller amount, whether the poison was taken accidentally or with the intention of committing suicide. The provision of the policy in the case at bar is entirely unlike the provision of the policy in the Scales case, as the only cause providing for the reduction of the amount of this policy is in case the insured committed suicide.

We recently had this same question before us in the case of Anderson v. Missouri Benefit Association, supra, and decided that the company, under our statute,

cannot by contract make suicide a partial defense or reduce the amount 'of recovery.

.From what we have said we are not concerned with the difference of opinion between the St. Louis and Springfield Courts of Appeals on the question involved in the Applegate and Scales cases, and we do not deem .that this opinion is in any wise in conflict with the opinion of the Springfield Court of Appeals.

The judgment is affirmed.   All concur.