ROSE E. CHRISTENSEN, Respondent, v. THE NEW
YORK LIFE INSURANCE COMPANY, Appel-
lant.

**Springfield Court of Appeals, January 3, 1911.**

1. **LIFE INSURANCE: Extended Insurance: Deduction of In-
debtedness from Net Value of Policy.** A life insurance policy
was issued in 1901; premiums were paid to and including the
premium due in December, 1904; but no subsequent premiums
were paid. The insured borrowed from the company $133 in
March 1905. Section 7897, Revised Statutes 1899, was in force
at the time the policy was issued; said section provided that
in case of default in payment of premiums, an indebtedness
due the company made for the purpose of paying premiums
on the policy, could be deducted from the net value of the
policy, and the balance applied as a single premium for tem-
porary insurance. At the time the loan was made this section
had been amended, so as to permit the company to deduct
for all indebtedness. *Held,* that the policy in question which
provided for the loan at the time the policy was issued should
be construed according to the law in force at the time the
policy was issued, and that the company could not deduct the
$133 loan from the net value of the policy in computing the
extended insurance.

2. ————: ————: **Waiver of Statute: Estoppel.** In an action
on a life insurance policy, involving the question of extended
insurance after a default in the payment of premiums, it was
held that the terms of the statute (section 7897, R. S. 1899),
which was in force at the time the policy was issued, should
be read into the contract. As this section was enacted for
the general good it could not be changed or waived by the
parties, and neither could the statute be abrogated under the
guise of an estoppel.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel
D. Fisher,* Judge.

AFFIRMED.

*Judson & Green* for appellant.

(1) The rights of the parties under the policy-note agreement are controlled by the statute as amended by the Act of March 27, 1903, whereunder at least three-quarters of the reserve less existing indebtedness, must be applied to the purchase of extended insurance. In the case at bar, the full value of the reserve, less the admitted indebtedness, was so applied and the term expired before the death of the insured. In the Smith case, 173 Mo. 329, and the Burridge case, 211 Mo. 158, the loan agreements were made prior to the amendment of the statute by Act of 1903. R. S. 1899, secs. 7897, 7900; Laws 1903, p. 208. (2) The amendatory Act of 1903 must be construed to effect the purpose for which it was enacted to enable the use of policies as security for loans by the company and controls loans thereafter made. Pembroke v. Houston, 180 Mo. 636; Boyes v. Smith, 111 Mo. 65. (3) The insured and the plaintiff claiming under him are estopped by his retention and acceptance of the settlement papers showing the cancellation of his loan, and the extended insurance term enjoyed by him in consideration thereof. Ins. Co. v. Neibarger, 74 Mo. 167; Steinberg v. Ins. Co., 49 Mo. App. 255; Lierheimer v. Ins. Co., 122 Mo. App. 374; Robertson v. Ins. Co., 123 Mo. App. 238; Fidelity & Casualty Co. v. Lumber Coal Co., 133 Mo. App. 642; Fletcher v. Ins. Co., 117 U. S. 519.

*James J. O'Donohoe* for respondent.

(1) Section 7897, R. S. 1899, is part of the policy in suit, for the statute of a state within which a contract is entered into becomes a part of the contract as if copied into it. But after enacted statutes or amendatory acts form no part of the contract. Cravens v. Ins. Co., 148 Mo. 604; Reed v. Painter, 129 Mo. 680; Havens v. Ins. Co., 123 Mo. 417; State v. Grant, 79 Mo. 122; Wolff v. Berning, 74 Mo. 96; Brine v. Ins. Co., 96

U. S. 858. (2) The amendatory Act of 1903 (Laws of 1903, p. 208) has no application in this case, for the policy was issued in 1901. Burridge v. Ins. Co., 211 Mo. 158; Blum v. Ins. Co., 197 Mo. 513. (3) The loan and pledge was a part of the contract of insurance. Lewis v. Ins. Co., 187 U. S. 335. (4) The words "any evidence of indebtedness" in said section 7897, when amended mean evidence of indebtedness on account of past premium payments and do not embrace evidence of indebtedness given on account of loans under the canon of construction *ejusdem generis.* State ex rel. v. Ennis, 79 Mo. App. 12; Joplin v. Leckie, 78 Mo. App. 11; Knapp v. Kansas City, 48 Mo. App. 485; Knox City v. Thompson, 19 Mo. App. 523; Miller v. Wagenhauser, 18 Mo. App. 11; State v. Schuchmann, 133 Mo. 111; State v. Dinnisse, 109 Mo. 434; State ex rel. v. May, 106 Mo. 488; State v. Bryant, 90 Mo. 534; St. Louis v. Laughlin, 49 Mo. 559; Grumley v. Webb, 44 Mo. 444. (5) The insured did not surrender to defendant the policy in suit and this case is controlled by the non-forfeiture statute of this state. Smith v. Ins. Co., 173 Mo. 329; Price v. Ins. Co., 48 Mo. App. 281; Cravens v. Ins. Co., 148 Mo. 583; Ins. Co. v. Cravens, 178 U. S. 389; Sheerer v. Ins. Co., 20 Fed. 886; Bank v. Ins. Co., 81 Fed. 935, 84 Fed. 122; Ins. Co. v. Clements, 140 U. S. 226.

COX, J.—Action upon an insurance policy, trial by the court upon an agreed statement of facts and depositions, judgment for plaintiff for $741.60, and defendant has appealed.

The policy sued upon was issued December 21, 1901, to Anton Christensen, the husband of plaintiff for the sum of one thousand dollars. The premium of $52.20 was to be paid annually upon the 18th day of December. Premiums were paid up to and including December 18, 1904. On March 7, 1905, the assured procured a loan, under the terms of the policy, for $133.

The premium, falling due December 18, 1905, and the interest on the loan, due at that time, were not paid, and no subsequent payment was made upon either the premium on the policy or interest on the loan. The policy of insurance had been pledged to the defendant as security for the loan. On June 11, 1906, the defendant, proceeding under the terms of the policy, foreclosed it, and, in accordance with its terms, returned it to the assured with an endorsement thereon that extended insurance to the amount of $867 was granted to expire January 18, 1907.

The merits of this appeal center upon one proposition, and that is whether this policy is to be construed under the law in existence at the date of its issue, or under the law as it existed at the time the assured secured the loan. The law in force at the date the policy was issued, necessary to be considered, was section 7897, R. S. 1899, which is as follows:

"Policies non-forfeitable, when.—No policies of insurance on life hereafter issued by any life insurance company authorized to do business in this state, on or after the first day of August, A. D. 1879, shall, after payment upon it of three annual payments, be forfeited or become void, by reason of non-payment of premiums thereof, but it shall be subject to the following rules of commutation, to-wit: The net value of the policy, when the premium becomes due, and is not paid, shall be computed upon the actuaries' or combined experience table of mortality, with four per cent interest per annum, and after deducting from three-fourths of such net value, any notes or other evidence of indebtedness to the company, given on account of past premium payments on said policies, issued to the insured, which indebtedness shall be then cancelled, the balance shall be taken as a net single premium for temporary insurance for the full amount written in the policy; and the term for which said temporary insurance shall be in force shall be determined by the age of the person whose

life is insured at the time of default of premium, and the assumption of mortality and interest aforesaid . . . ."

It is conceded that if the policy in suit is to be construed under this section that the premiums paid by the assured would extend his insurance beyond the date of his death and that plaintiff should recover, but it is contended by appellant that this policy is to be construed under the above section as amended by the Legislature in 1903, Acts of 1903, page 208, which section is now section 6946, Revised Statutes 1909. Under the statute as amended the company could deduct not only the amount of the assured's indebtedness to it on account of premiums but all indebtedness. The question at issue is whether in computing the amount to be used for the purchase of the extended insurance the amount of the loan should be deducted from the amount of premiums paid and earnings of the policy. When the defendant foreclosed its lien upon the policy for the loan, after default by the assured in the payment of premiums and interest, it deducted the amount of the loan and gave extended insurance for the value of the remainder of the assured's interest, and now contends that under the statute, as amended in 1903, it had that right. Under the statute as it existed prior to 1903, it was held that no debts could be deducted except loans that had been made for the purpose of paying premiums upon the policy; that as to all other debts, owing by the assured to the company, the company and the assured occupied the relation of ordinary debtor and creditor, and that such indebtedness could not be considered in determining the amount of extended insurance to which the assured was entitled. [Smith v. Insurance Co., 173 Mo. 329, 72 S. W. 955; Burridge v. Insurance Co., 211 Mo. 158, 109 S. W. 560.]

In this case the policy was issued before the amendment to the statute, and the loan was made after the amendment, and the merits of this case turn upon the

question as to whether the granting of the loan constituted a new contract so as to bring into play the statute as amended.

Neither the statute nor this amendment is, in any sense, retroactive. The statute itself was enacted for the benefit of the assured and we should bear this in mind in construing the terms of this policy and the loan made under it. The right of the assured to the loan and the duty of the company to make it, the amount thereof, the rate of interest to be charged therefor, and all the terms and conditions of the loan, are provided for in the policy, and all the assured had to do to secure it was to apply for it, and when he did apply, the company was bound, by its contract, to grant it upon the terms provided in the policy. The loan was, therefore, contemplated when the policy was issued and the terms of the contract between the parties in relation to it were found in the policy itself, and hence, the loan contract is to be construed as a part of the policy, and not as an independent contract made when the loan was applied for and the money furnished. [Burridge v. Insurance Co., supra, l. c. 174.] Hence, it follows that this policy is to be construed, and the rights of the parties under it determined under the statute as it existed prior to the amendment of 1903, and hence, the policy was in force at the time the insured died, unless as now contended by defendant he was estopped from invoking the aid of the statute.

The contention of estoppel is based upon the fact that when the defendant foreclosed the policy it endorsed thereon the terms of the foreclosure and stated the amount and time of the extended insurance that was granted the assured under it, and returned the policy to him with this endorsement upon it, and that he retained it until the day of his death without any complaint. We do not think there is any occasion for the application of the doctrine of estoppel in this case. This policy is to be construed by the terms of the statute

and not by the agreement of the parties. The statute must be read into the contract and be considered a part of it. The statute was enacted for the general good, and its terms cannot be waived, or changed, by contract, and if parties cannot by express contract abrogate the statute the same result cannot be accomplished under the guise of an estoppel.

It is conceded that if the policy is to be construed under the statute as it existed prior to the amendment of 1903, and the doctrine of estoppel does not apply, the judgment is right. The result is that the judgment should be affirmed, and it is so ordered. All concur.