AGNES EASTER, Respondent, v. BROTHERHOOD OF AMERICAN YEOMEN, Appellant.

Kansas City Court of Appeals, February 13, 1911.

1. FRATERNAL BENEFIT ASSOCIATION: Arbitration. The provision of a benefit certificate that no action shall be brought thereon until a board of arbitration "shall fail to settle same" is invalid.

2. LIFE INSURANCE: Assessment Companies: Evidence. Where the policy clearly shows that a fixed sum was to be paid monthly, evidence of failure to discharge the stipulated monthly payments is competent without first showing that assessments had been made.

3. ————: ————: By-Laws: Ipso Facto Suspension. The provision of the by-laws that a member, failing to pay the regular monthly payments within a fixed time, shall be ipso facto suspended, is a fair and equitable condition.

4. ————: ————: ————. The condition of an assessment
policy that where a member dies before having lived out his
expectancy of life, there shall be paid into the reserve fund
out of the amount due on the policy, certain sums based on age,
etc., is void under sec. 7903, R. S. 1899 (sec. 6952, R. S. 1909).

Appeal from Jackson Circuit Court.—*Hon. W. O.
Thomas,* Judge.

REVERSED AND REMANDED.

*Aleshire & Gundlack* and *E. C. Corby.* for appellant.

*Fyke & Snyder* and *E. W. Shannon* for respondent.

BROADDUS, P. J.—This action is based on a cer-
tificate of insurance issued by defendant claiming to be
a fraternal benefit association organized under the laws
of the State of Iowa and doing business in Missouri.
The plaintiff sues as the wife of Elmore W. Eas-
ter, deceased. The policy was issued on January 8,
1904, and the insured died on August 10, 1907. The
petition after alleging these facts, the amount of the
policy and the refusal of defendant to pay the same
on demand, alleges that, the, "said Elmore W. Easter
died and this plaintiff has complied with all the condi-
tions of said policy required to be performed," etc.

The answer in the first paragraph admits that plain-
tiff is the wife of said Elmore W. Easter deceased;
that it issued the policy as alleged and that the said
Elmore W. Easter died on the 10th day of August, 1907.
Second: "Defendant denies each and every allegation
contained in plaintiff's petition not specifically set out
in paragraph 1 herein."

The answer then proceeds to recite that defendant
is a fraternal beneficiary society organized under a cer-
tain chapter of the laws of Iowa, and as such is author-
ized to do business in this state; and that; "it collects
monthly payments from its members, to provide for ben-
efits in case of death or disability."

That among other things the policy or certificate in suit provided that if the said insured should be delinquent in the payment of dues to the association the certificate should become null and void; and' that the insured had become delinquent in his payments due the association for the month of March, 1906, and each month thereafter and was delinquent at the time of his death, and had previously thereto abandoned his membership in the defendant's order.

That one of the provisions of the by-laws referred to in the certificate was that: "The rates of payments for benefits shall be monthly payments for separate ages and the amount of insurance, as set forth in the following table of rates," etc.:

| Age | $500 | $1,000 | $2,000 | $3,000 |
|---|---|---|---|---|
| 18 to 28, inclusive | .45 | .60 | 1.10 | 1.60 |
| 29 to 33, inclusive | .45 | .65 | 1.15 | 1.75 |
| 34 to 37, inclusive | .45 | .70 | 1.25 | 1.90 |

that the by-laws provide that above amounts shall be collected every month and remitted to the chief correspondent of the association; that said by-laws provide that any member who fails to pay the regular payment, including dues, shall *ipso facto* stand suspended.

Further as a partial defense defendant alleges that: It is provided in said certificate "that should the said member die before having lived out his expectancy of life, based on his age entry according to the American Experience Table of Mortality, there shall be paid into the reserve fund of this association out of the proceeds of this certificate, otherwise payable to the beneficiary, a sum equal to the amount of ten assessments per year, at the rate last paid by the member for the unexpired period of the life expectancy, based on his age of entry;" that deceased not having lived out his life expectancy, which as shown by said mortuary table was 30 4-10, of which period he lived two years and two months, and that in any event the amount this plaintiff would

be entitled to, under the terms of the said certificate, would be but $1650.

And as an abatement of plaintiff's action defendant alleges that: "One of the provisions of the certificate of membership relied on in plaintiff's petition contained the following provision: No action can or shall be maintained on this certificate unless brought within one year from death or disability of said member and not at all unless a board of arbitration of three members (one appointed by the castle, one appointed by the member's homestead, and one appointed by these two) shall fail to settle same." And that no such board has been asked for by plaintiff and no action by any such board has been taken.

The plaintiff moved that defendant be required to make more definite and certain that part of its answer alleging that the certificate should become null and void for delinquency in the payment of dues to the association, and requiring it to state "what, if any, payments due said association, the said Easter became delinquent in, and what payments, if any, due said association he failed to make, and in what payments, if any, he was delinquent at the time of his death." And further moved the court to strike out that part of defendant's answer setting up as a defense that no board of arbitration had been appointed by the parties to settle their disputes, as the certificate required as a condition to be performed before the right to bring the action.

The motion was sustained and defendant excepted.

The plaintiff introduced the policy of insurance, and that part of defendant's answer, which stated the issuing of the policy of the 8th of January, 1904, and admission in the answer that the insured died August 10, 1907, and rested her case. Defendant interposed a demurrer to her case, which the court overruled.

It will be necessary to call particular attention to certain parts of the policy not set out in the answer, to which we have already referred, in order to fully under-

stand the case. The policy is headed with the following in large letters.

No. 66123 .                                              $2000.00
Age 37.                            Monthly payment, $1.25
    BROTHERHOOD OF AMERICAN YEOMEN.
    "Fourth: The board of directors of the association shall have the right, under the by-laws, to make assessments hereon whenever in their judgment it shall be necessary for the payment of death and disability benefits."

    The defendant offered evidence to show whether or not the deceased had made the monthly payments due before his death. The court excluded the proffered evidence on the theory that defendant must first show that the amount to be paid monthly, had been legally and properly levied or assessed and deceased has been notified of the fact.

    The defendant offered in evidence the laws of Iowa, showing that it was incorporated under the laws of that state, which the court rejected as incompetent for the reason that under the laws of Iowa the defendant was not a fraternal benefit society, as required by the laws of Missouri. And the certificate of authority to do business in this state offered was rejected for the same reason.

    The laws of Iowa as offered provides that: "No fraternal association created or organized under the provisions of this chapter shall issue any certificate of membership to any person under the age of fifteen years, nor over the age of sixty-five years, nor unless the beneficiary under such certificate shall be the husband, wife, relative, legal representative, heir or legatee of such member." Whereas the statute of Missouri provides that payment of benefits shall be made only to the family heirs, blood relatives, affianced husband, affianced wife, or to persons dependent upon the members.

The defendant then offered the statute to show what sort of an institution the defendant was, whether a fraternal beneficiary society or not. The court rejected this on the ground that the defense was that defendant was a fraternal beneficiary society. The contention of the plaintiff being from the beginning that it was not such a society, but that it was an old line insurance company. All the offers of testimony by the defendants being rejected, the jury were directed by the court to return a verdict for the amount of the policy. From the judgment the defendant appealed.

We think the court was right in its action in striking out of defendant's answer that part which set up as a defense that there had been no arbitration as provided by the policy before an action could be maintained.

It is held by the Supreme Court of Iowa that, this provision for a reference to arbitration precedent to action on a policy, is valid so far as it relates to the determination of questions of fact. [Knapp v. Brotherhood of American Yeomen, 117 N. W. 298.] On the contrary it is held by the Supreme Court of Massachusetts, that a provision in a policy of insurance to the effect that, in case of disagreement between the parties as to liability of the insurer, such liability shall be determined by arbitration, is an attempt to oust the courts of their jurisdiction and is void. [Lewis v. Brotherhood Accident Co., 17 L. R. A. 714.] The case does not fall within the distinction made by the Iowa court, supra, limiting the application of such a provision to questions of fact, but is unconditional both as to the facts and to the liability of the insurer, if it has any definite meaning. The language "to settle the same," that is to say, to dispose of the right of action before a suit can be maintained on the policy, is a condition that is invalid. Perhaps the condition has not been copied accurately in the record, but as there has been no suggestion that such is the case we take it as we find it.

The court was in error in refusing defendant's offer to show that the deceased had failed to pay the stated sum of $1.25 in March, 1907. The reason given for the action of the court, that defendant must first show that an assessment had been made was not sufficient. It is true that in its general scope the defendant was an assessment insurance company, but at the same time the policy clearly indicates that the insured was to pay each month the fixed sum of $1.25. Although it was in the power and discretion of the board of directors of the association to make an additional assessment if it became necessary to pay mortuary benefits, but until it was made to appear that the board had exercised such authority and had in fact resorted to assessing its members for the purpose indicated it was not necessary to show that an assessment had been made. The offer was not to show a failure to pay assessments, but to show failure to discharge a stipulated fixed sum monthly.

It is the plaintiff's contention that there is no such stipulation in the policy, but that there is, we think, is too plain for discussion; and that there is no provision in the policy tending to show the contrary as plaintiff seems to think.

It is a provision of the contract and by-laws of the association that if the insured shall become delinquent by failure "to pay the regular monthly payment, including his dues, on or before the last day of each month" he shall stand *ipso facto* suspended, and the certificate shall be null and void. This is a fair and equitable condition in the contract, especially so in reference to the assessment association. Such association could not exist except by payments exacted from its members. Ordinarily courts are loath to enforce forfeitures, but where they are required as the very breath of life of the corporate body, they should be enforced. In a case arising on a beneficiary policy, BLAND, J., held, that a failure by a member to pay his assessment on or before

a certain day shall work, *ipso facto,* a suspension and forfeiture of all right under his certificate without any action on the part of the lodge, such provision constitutes a valid agreement between the lodge and the holder of the certificate. [Lavin v. Grand Lodge A. O. U. W., 104 Mo. App. 1.] And it is provided by section 7903, chapter 3, R. S. 1899, regulating assessment companies that an assessment policy may "be voided for fraud or breach of its conditions."

We do not deem the action of the court in refusing defendant's offer to put in evidence the laws of the State of Iowa a question of much importance, as its existence as an insurance company was the foundation for plaintiff's action. But we think it was competent for the purpose of showing to some extent at least the character of the association. Notwithstanding defendant insisted that it was a fraternal benefit association, yet all the allegations of fact in its answer showed that it was not such. The defendant's mistake was as to the law of the case. But the facts speak for themselves. After the court held that the policy was an assessment policy, the defendant's offer of the evidence to cover that theory of the case, should have been accepted. The defendant had a right to meet the theory of the court during the progress of the trial, as the allegations of its answer were adapted to meet such theory.

That condition of the policy set up as a partial defense to the effect, "that should said member die before having lived out his expectancy of life . . . there shall be paid into the reserve fund of the association out of the proceeds of this certificate, otherwise payable to the beneficiary, a sum equal to the amount of ten assessments per year at the rate last paid by the member for the unexpired period of such life expectancy, based on his age at entry," etc; we do not think valid under said section 7903 regulating assessment companies, which provides that the exact amount shall be paid upon the contingency of the death of the insured.

Finally persuaded that the defendant did not have the benefit of a fair trial, by reason of the errors pointed out and in order that substantial justice may be done the cause is reversed and remanded. All concur.