Vol. 302]        OCTOBER TERM, 1923.        525

State ex rel. Business Men's Assurance Co. v. Allen.

# THE STATE ex rel. BUSINESS MEN'S ASSURANCE COMPANY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

## In Banc, February 11, 1924.

1. **CERTIORARI: To Court of Appeals: Record Considered: Reference to Petition and Contract.** Where plaintiff in her suit on an insurance policy did not by her petition undertake to classify the policy, but pleaded its legal effect, and the abstract of the record in the Court of Appeals shows that the petition made the policy a part of the petition by reference and by filing the same therewith, the Supreme Court, upon *certiorari* to the Court of Appeals, can refer to the petition, because it is referred to in the opinion and thus incorporated in the opinion as fully as if written out therein; but as the policy nowhere appears in the abstract of the record filed in the Court 'of Appeals, the Supreme Court will accept the classification of the policy made by the Court of Appeals as an assessment policy, and will accept the conclusion reached by the Court of Appeals that the statute concerning assessment policies became a part of the policy when it was issued and remained a part thereof until the insured's death.

2. ———: ———: **Assessment Insurance: Other Insurance: Pro Tanto Liability: Striking Out Defense: Record Considered.** The beneficiary brought suit on an accident policy for $3600 issued to her husband, without attempting to classify the policy, but referring to it in her petition and 'attaching it thereto as a part thereof. Defendant in its answer averred that it was originally incorporated as an insurance company on the assessment plan and that the policy was issued when it was an assessment company, but further averred that it had later amended its articles and by-laws and incorporated as a stock company, and then averred that the policy contained a clause to the effect that if the insured carried other insurance, without giving notice to defendant, defendant would "be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies" carried by the insured and for the return of excessive premiums paid; that the insured had, without notice to defendant, taken and carried $3700 other insurance, and therefore it was liable for only $1858, for which it confessed judgment. The trial court, upon motion, struck out this defense, and the defendant contends that its answer pleaded a good defense *pro tanto* to either class of insurance, and that

the court erred in striking out that part of the answer. On appeal the abstract did not contain the policy, and the Court of Appeals classified it as an assessment policy, and ruled that the statute declaring that every such policy "shall specify the exact sum of money which it promises to pay upon each contingency insured against" was a part of the policy and controlling, that said clause in the policy providing for payment *pro tanto* was void, and that the trial court did not err in striking out the plea of *pro tanto* liability based on such clause. *Held*, that the only question for consideration, upon *certiorari* to the Court of Appeals, is, under the state of the record, whether such ruling is in conflict with previous decisions of the Supreme Court, and that no such conflict is shown.

3.　———: ———: **Conflicts Considered.** If a court of appeals decides a new question wrongly, the Supreme Court cannot quash its judgment and opinion by *certiorari;* but if the Supreme Court has made rulings, either in law or equity, upon analogous or similar facts, which conflict with the decision of the Court of Appeals in the particular case, then *certiorari* is available.

4.　———: ———: **Assessment Insurance: Concurrent Insurance: Payment Pro Tanto Liability: Statute.** The statute (Sec. 6157, R. S. 1919) declaring that every assessment policy "shall specify the exact sum of money it promises to pay upon each contingency insured against" abolished the common-law rule that a clause in a policy which declares that if the insured carries other policies the company shall be liable only for such portion of the sum promised by the policy as such sum bears to the whole amount of insurance carried by the insured is valid, and made void all such clauses in an assessment policy, and also made inapplicable the rule that "that is certain which may be made certain." The statute requires the policy to "specify the exact sum of money it promises to pay," and that sum the company must pay, and cannot escape liability to pay that sum by inserting a clause in the policy providing for concurrent insurance and payment *pro tanto;* and the opinion of the Court of Appeals in so ruling did not conflict with the last previous decision of the Supreme Court, but was in accord with the views expressed in McFarland v. Accident Association, 124 Mo. l. c. 221.

### *Certiorari.*

**WRIT QUASHED.**

*Jones, Hocker, Sullivan & Angert* and *Solon T. Gilmore* for relator.

(1) The provision of the policy pleaded by the defendant is not in conflict with the requirements of Sec. 6157, R. S. 1919. Becker v. City, 94 Mo. 380; Becker v. Rardin, 107 Mo. 119; Courtney v. Assn., 120 Mo. App. 117; Imboden v. Ins. Co., 31 Mo. App. 328. (2) The legislative disposition has been to favor rather than to discriminate against assessment companies. Hanford. v. Assn., 112 Mo. 505; Richards v. Ins. Co., 585 Mo. App. 588. (3) The right of an assessment insurance company to reduce indemnities under conditions specified in the policy will be enforced. Loesch v. Ins. Co., 176 Mo. 670; Angelrodt v. Ins. Co., 31 Mo. 593; Renn v. Supreme Lodge, 83 Mo. App. 442; U. S. Cooperage Co. v. Ins. Co., 188 Mo. App. 376; Armour Packing Co. v. Ins. Co., 67 Mo. App. 215; Kansas City Paper Box Co. v. Ins. Co., 100 Mo. App. 691. (4) Even if the statute expressly prohibited the use of the clause in question by an assessment insurance company, its use as a defense in this action could not be contested: (a) Under the policy. McConnell v. Assn., 154 Mo. 618; Williams v. Ins. Co., 189 Mo. 82; Cox v. Ins. Co., 154 Mo. App. 470. (b) Nor under the pleadings. State ex rel. v. McElhinney, 216 S. W. 524; Knoop v. Kelsey, 102 Mo. 298; Cousins v. Bowling, 100 Mo. 452; Davis v. Bond, 75 Mo. App. 32.

*James J. O'Donohoe* for respondents.

(1) That part of the opinion of respondents holding that the amount of insurance cannot be reduced by the stipulation relied on by relator does not contravene any decision of this court, for stipulations whittling away the amount of insurance in the event insured shall carry other insurance covering the same loss without written notice to defendant are void and of no binding

effect, for the reason that same contravene Sec. 6952, R. S. 1909, now Sec. 6157, R. S. 1919, providing that every policy issued by any corporation doing business on the assessment plan "shall specify the exact sum of money which it promises to pay upon each contingency insured against." McFarland v. Acc. Assn., 124 Mo. 204. (2) Relator's suggestion to the effect that the policy in question is not on the assessment plan was imported into the case for the first time in its motion for rehearing. The question came too late for this court to consider it. State ex rel. Continental Ins. Co. v. Reynolds, 289 Mo. 382; State ex rel. U. Rys. Co. v. Allen, 240 S. W. 117; State ex rel. Ry. Co. v. Allen, 236 S. W. 868; State ex rel. Packing Co. v. Reynolds, 287 Mo. 697. Furthermore, the question is meritless for reasons, amongst which are: (a) The policy is on the assessment plan. (b) The statutes under other plans of insurance provide like requirements. Secs. 6178, 6405, 6139, R. S. 1919. Maxims cannot override statutes, for their "provisions become the supreme law of every policy," and they write into every policy "a mandate not to be abrogated in whole or hedged about or lopped off in detail, by policy provisions, nor to be contracted away otherwise than as prescribed by statute." Burridge v. Ins. Co., 211 Mo. 172; Gillen v. Ins. Co., 178 Mo. App. 96; Tinsley v. Ins. Co., 199 Mo. App. 707. Relator amended its articles of incorporation and its by-laws to enable it to transact business under Article II, instead of Article III, Chap. 50, R. S. 1919, but same does not modify or change the obligations of the policy in suit. Laws 1917, p. 313; Sec. 6168, R. S. 1919. Insured paid relator a premium for thirty-six hundred dollars insurance, and under the familiar maxim "that he who takes the benefit should bear the burden," relator ought to pay in full. Springfield Grocer Co. v. Walton, 95 Mo. App. 526. (3) That part of the opinion of respondent's ruling that the alleged misrepresentations are immaterial does not conflict with any decision of this court, for the misrepresentation al-

leged to have been made by insured in his application for the policy with respect to the amount of accident and health .insurance he then had is immaterial, since the same neither caused nor contributed to cause insured's death. Sec. 6142, R. S. 1919; Jenkins v. Ins. Co., 171 Mo. 375; Kern v. Legion of Honor, 167 Mo. 471; Schuermann v. Ins. Co., 165 Mo. 641. Reducing the amount of insurance is as obnoxious to the misrepresentation statute .as complete avoidance of the policy. Insurance Co. v. Stiewing, 173 Mo. App. 108; Burns v. Ins. Co., 141 Mo. App. 212. Defendant must plead that the misrepresentation was material. Christian v. Ins. Co., 143 Mo. 460. And that it would not have issued the policy had it known the facts. Summers v. Ins. Co., 90 Mo. App. 691; Richey v. Ins. Co., 104 Mo. App. 146; Caldwell v. Ins. Co., 245 S. W. 602. There is no distinction between warranties and misrepresentations. Keller v. Ins. Co., 198 Mo. 440. The policy in suit is governed and controlled by the provisions in Sec. 6142, R. S. 1919. Lavin v. Ins. Co., 101 Mo. App. 434. The misrepresentation statute is applicable to all policies issued by assessment companies whether domestic or. foreign. Anderson v. Mo. Benefit Assn., 198 Mo. App. 97. (4) The stipulation invoked by relator has reference to insurance effected after the policy in question was issued. And since insured did not carry such insurance the stipulation is inapplicable. Matthews v. Modern Woodmen, 236 Mo. 326; DeMun Estate v. Ins. Co., 196 Mo. App. 1.; Mitchell v. Accident Co., 179 Mo. App. 1; Roseberry v. Assn., 142 Mo. App. 552. It is not pertinent for the further reason that it is restricted to "insurance covering the same loss." Arneberg v. Con. Cas. Co., 190 N. W. 100. (5) Respondents did not fail to follow any decision of this court on any question involved in this case, and their opinion is not in conflict with any decision of this court. Authorities, supra.

GRAVES, J.—*Certiorari* to St. Louis Court of Appeals. That court heard and determined, upon appeal

from the circuit court, the case of Anna Melville, Respondent, v. Business Men's Assurance Company of America, Appellant. In an opinion filed the St. Louis Court of Appeals affirmed the judgment of the circuit court, by which latter judgment *nisi* Anna Melville had been awarded a judgment of over $3600 against the relator in the present action. The judgment and opinion of the St. Louis Court of Appeals relator seeks to have this court quash, because it is alleged to.be in conflict with named decisions and opinions of this court.

The petition upon which our writ was awarded is quite long, but the salient features thereof can be shortly outlined. Anna Melville, wife of Charles Melville, deceased, sued the relator here in the St. Louis Circuit Court for $3600 and interest, alleged to be due her as the beneficiary in a policy issued to her deceased husband. The policy was for the sum of $3000, but it is conceded that under a rider attached thereto $600 additional insurance was given to such beneficiary. There was no claim in the lower court that the relator here (defendant there) was not liable. The only contest was to the amount of the liability. By answer the relator conceded liability to the amount of $1858, which was, as it alleged, half of the full amount provided for in the policy and rider attached thereto. In the answer filed by relator in the lower court, it was averred that there was a provision in the policy reading as follows:

"If the insured shall carry with another company, corporation, association, or society, other insurance covering the same loss without giving written notice to the association, then in that case the association shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss and for the return of such part of the premium paid as shall exceed the *pro rata* for the indemnity thus determined."

It was further averred that deceased had (without notice to relator) taken and carried other insurance in the sum of $3750, and that by reason of this fact the re-

lator here (defendant below) was only liable for $1858 for which it confessed judgment. That portion of the answer which pleaded the foregoing excerpt from the policy as a defense to one-half of the liability, was stricken out on motion in the circuit court, and such action affirmed by the Court of Appeals. The propriety of that action is the sole question here, and this is to be judged here, in this proceeding, in the light of our cases, and as to whether or not such ruling conflicts with principles of law announced by this court. Details will be left to the opinion.

I.    The policy was an accident policy, and no question was made as to the fact of the deceased having met his death by accidental means.

The relator was first incorporated as an assessment company, and the policy involved was issued when it was such a company.    Later, it is averred in the answer, that it changed to a stock company with a level premium.    The Court of Appeals says this in the opinion:

Record Considered.

"The answer admits the allegations of the petition except as to the amount due plaintiff under the contract of insurance and except as to defendant's alleged vexatious refusal to pay the loss. It then alleges that defendant was originally incorporated under the laws of this State, under the name of 'Business Men's Accident Association of America,' as an insurance company on the assessment plan, and that 'during its existence as an assessment accident insurance company it issued to Charles Melville the policy of insurance described in plaintiff's petition;' that on or about March 1, 1920, defendant amended its articles of incorporation and by-laws to conform to Article II, Chapter 50, Revised Statutes 1919, complying with Section 6105 of said article 'providing for the incorporation of stock companies with the power to write insurance.' Further allegations of the answer are to the effect that at the time defendant 'ceased its corporate existence as an assessment insurance com-

pany' there was a fund of eighty-three cents belonging to the insured, and that, with his consent, this was applied to increase the indemnity of the policy twenty per cent and the policy, so increased, was continued as a level premium policy.''

From the opinion it appears that the plaintiff in the case did not by her petition undertake to classify the policy, but pleaded its legal effect, and the abstract of record in the Court of Appeals shows that the petition made the policy sued upon a part of the petition by reference and filing the same therewith. We are permitted to refer to this petition, because it is referred to in the opinion, and thus incorporated in the opinion as fully as if written out therein. The policy nowhere appears in the abstract of record in the Court of Appeals. From the Court of Appeals opinion, it clearly appears that it was an assessment policy when issued. The statute concerning such policies became a part of the policy when it was issued, and remained a part thereof. [Schmidt v. Foresters, 228 Mo. 675.] This admission by answer fixed the status of the policy, until it was shown by evidence that the policy was of a different character. The Court of Appeals by its opinion proceeded upon the theory, and applied to the policy, the statutes applicable to that class of policies. The policy was a part of the petition *nisi*, and it was not even printed in the record in the Court of Appeals. The fact that the policy might have been otherwise classified seems to have been an afterthought. Nor is this matter seriously urged in this action, and no doubt for the reason that relator would be confronted with a similar situation by other statutes. What relator presses here is that their answer pleaded a good defense *pro tanto*, and the court erred in striking out such answer, and the Court of Appeals opinion conflicts with our rulings in affirming this action of the trial court. And this, too, whether the policy be an assessment policy or a stock company policy. The real contention is that the clause of the policy pleaded, and set out above, was a good defense *pro tanto* to either class of accident policies. The Court of Appeals

ruled that such clause was no defense (*pro tanto*, or otherwise) because of Section 6157, Revised Statutes 1919. Upon this the court ruled:

"When this policy was written the defendant was doing business on the assessment plan, subject to the provisions of what is now Article III, Chapter 54, Revised Statutes 1919. Section 6157 of that article and chapter provides that every policy or certificate issued by any corporation doing business in conformity with the provisions of that article, promising a payment be made upon a contingency of death, sickness, disability or accident, 'shall specify the exact sum of money which it promises to pay upon each contingency insured against,' etc. And it is plaintiff's contention that the policy provision here in question contravenes that statute and is therefore void. A consideration of this matter has led us to the conclusion that this contention should be sustained. The effect of this statute upon a policy provision of such character as that here involved has not been the subject of decision by our courts. But our courts have frequently had occasion to apply this statute, and have declared void various provisions of the contracts of insurance involved which were deemed repugnant to the mandate of the statute. [McFarland v. Accident Assn., 124 Mo. l. c. 221, 27 S. W. 436; Goodson v. Accident Assn., 91 Mo. App. 339; Easter v. Brotherhood of American Yeomen, 154 Mo. App. 456, 135 S. W. 964; Kribs v. United Order of Foresters, 191 Mo. App. 524, 177 S. W. 766; Bondurant v. Brotherhood of American Yeomen, 199 S. W. 424.] In this connection see McPike v. Mystic Circle, 187 Mo. App. 679, 173 S. W. 71, wherein effect was given to what is now Section 6178, applicable to insurance on the stipulated premium plan, requiring the policy to 'specify the sum of money which it promises to pay,' etc. And we may note that there are cases of like tenor involving a provision of the fraternal insurance statute (Sec. 6405, R. S. 1919) providing that the certificate 'shall specify the amount of benefit provided thereby.' [Parker v. Sove-

reign Camp of Woodmen, 196 S. W. 424; Wilson v. Brotherhood of American Yeomen, 237 S. W. 212.]''

The question is, does this ruling conflict with our rulings?

II.    It will be noted that the Court of Appeals says in the quotation from their opinion, supra, that ''the effect of this statute upon a policy provision of such character as that here involved has not been the subject of decision by our courts.''

Conflicts Considered.

If this be true in its fullest sense, then there could be no conflict between that court, and this court. If a Court of Appeals decides a new question wrong, this court cannot reach such judgment and opinion by this kind of a *certiorari* proceeding. We use the term ''in its fullest sense'' above, for the reason that ''grey mule'' cases are not required in determining the question of conflict of opinions. It may be that the Supreme Court has never passed upon this particular clause in a policy of the kind involved, under the statute urged by respondents. We may, however have made rulings, either in law or equity, upon analogous or similar facts, which rulings and the principles announced therein would conflict with the rulings of the Court of Appeals, supra. The relator does not point to a ''grey mule'' case. We leave therefore the discussion of conflict to the discussion of the cases relied upon by relator, and to those contra, if any such there be.

III.    In determining the alleged conflict the statute relied upon by the plaintiff below, and the Court of Appeals, must be considered. This statute (Sec. 6157, R. S. 1919) reads:

Statute: Void Clause in Policy.

''Every policy or certificate hereafter issued by any corporation of this State doing business in conformity with the provisions of this article, and promising a payment to be made upon a contingency of death, sickness, disability or accident, shall specify the exact sum of money which it promises to pay upon each contingency

insured against, and the number of days after satisfactory proof of the happening of such contingency at which such payment shall be made, and upon the occurrence of such contingency, unless the contract shall have been voided for fraud or breach of its conditions, the corporation shall be obligated to the beneficiary for such payment at the time and to the amount specified in the policy or certificate.''

We have stated above that the real contention of relator below was that the clause of the policy quoted, supra, was valid, even though the policy was one under the assessment plan. In statement and brief here, relator says:

''It was the contention of relator that even assuming that it was subject to the rules of law or statutes affecting assessment companies, the cause was valid because it was not within the purview of this section of the statutes.''

As indicated above the Court of Appeals ruled that the statute, supra, rendered the clause of the policy relied upon by relator, void, and of no effect, and the sole question is whether or not that ruling conflicts with our rulings.

The Court of Appeals, in the opinion, frankly admits that at common law the clause of the policy relied upon by relator would be valid and binding, but rules that the statute changes that rule. Relator relies upon the cases of Becker v. City of Washington, 94 Mo. l. c. 380, and Becker v. Rardin, 107 Mo. l. c. 119. These cases announce the old-time rule: ''That is certain which can be rendered certain.' They go no further. Relator contends that the amount of the policy could be rendered certain by a simple mathematical calculation, and that the insured had full knowledge of all the facts for the calculation. This question was threshed out in the briefs and in the opinion of the Court of Appeals. In conclusion of their discussion of the rule, ''That is certain which can be rendered certain,'' the Court of Appeals says:

"But this argument has not convinced us that this provision of the policy is not obnoxious to the statute, supra. It will be observed that the language of this statute differs somewhat from that employed in Section 6178, supra. It requires the policy to 'specify the exact sum of money which it promises to pay,' etc. We think that the purpose of the lawmakers in enacting the statute was to require an insurer, coming within its terms, to distinctly and exactly specify in the policy the precise amount of insurance vouchsafed; and that when the amount is once definitely fixed by the policy, it may not be scaled down by stipulations inserted in the contract looking to partial avoidance of liability by providing that the sum named as indemnity shall be reduced in certain contingencies. Though it be that the insured may be able from the terms of the policy, with the attending circumstances, to arrive at the reduced amount to which the defendant company thus seeks to limit its liability, we think that when full effect is given to the explicit and forceful language of this statute the clause of the policy here in question is repugnant thereto and therefore void.

"The statute does more than to require that the policy contain provisions from which the insured, with the information possessed or obtained by him, may compute the liability of the insurer by making deductions, in certain contingencies, from the principal sum named. It requires the insurer to state in the policy the exact sum of money promised to be paid, and to pay that sum upon the happening of the contingency insured against. [See Sec. 6157, supra.] In the instant case the defendant pleads that its liability on the policy is $1858. But, as plaintiff says, if we ask: 'Where is to be found a provision of the policy specifying the payment of that sum?' the answer is: 'Nowhere.' Nor do we deem this view inconsistent with the fact that an insurer may with propriety provide in the policy for weekly indemnity for liability, though the total sum payable is found by a simple computation, i. e. by multiplying the weekly in-

demnity by the number of weeks of disability, provided the policy specifies the exact sum payable for each week of disability.''

The views expressed above seemingly accord with the views expressed by this court in McFarland v. Accident Association, 124 Mo. l. c. 221. In that case MAC-FARLANE, J., said:

''This question has, however, been put at rest in this State by the statute which authorizes and regulates insurance companies on the assessment plan. It requires all policies to specify the exact sum of money which the company promises to pay upon the happening of the contingency insured against and also requires the payment of such sum upon the occurrence of such contingency. [R. S. sec. 5862.] The case of Taylor v. National Temperance Union, 94 Mo. 40, is no longer an authority on this question since the statute has been in force.''

This was an assessment-plan accident insurance company. Of the terms of the certificate of membership held by McFarland, the deceased, this court said:

''Objection is made that plaintiff offered no evience to show that the sum of $3000 represented the true amount due under the certificate at an assessment of two dollars each upon the members. In other words, it is insisted that the burden rests upon plaintiff to prove what principal sum represented the proper assessment of the members under the certificate.

''The certificate of membership provided, in case of the death of McFarland, for the payment to plaintiff of 'the principal sum represented by the payment of $2 by each member of division C of the association' not to exceed $3000. The certificate further provides:

'' 'On and after March 1, 1883, and until such time as each of Divisions AAA, B, C, D and E, have a sufficient membership to pay death losses in full, the principal sum represented by an assessment of $2 upon the members of all of said divisions (which sum is not to

exceed $3000) will be paid to beneficiary as provided in this certificate.' ''

It will be observed that the court ruled that the portion of the certificate which undertook to whittle down the agreed sum of $3000, was void under this statute. In Taylor v. National Temperance Union, 94 Mo. l. c. 40, we had ruled that such companies could scale down the named sum by a provision limiting the amount to one assessment of the members. In McFarland's Case we ruled that the Taylor Case was no longer authority, because of the very statute invoked by plaintiff in the case *nisi*. In McFarland's Case the amount could have been rendered certain by multiplying the number of members by two, and the number of dollars of the liability would appear. The facts for the calculation were as easily ascertainable as in the instant case. But the rule was announced that this statute meant something more than a mere calculation to find out the liability. The court was giving to the statute a sensible meaning, and that meaning was that the sum to be paid upon any contingency was to be expressed in *exact* figures. The ruling simply emphasized that portion of the statute by saying that the policy, in the language of the statute, "shall specify the *exact sum* of money which it promises to pay upon each contingency insured against." To "*specify* the *exact sum* of money' does not mean that you can find out the "exact sum" by some kind of calculation from facts to be developed. There is no conflict of opinions shown, and our writ should be quashed.

It is so ordered. All concur.

Headnotes 1, 2 and 3: **Certiorari:** 1, 11 C. J. sec. 357; 2 and 3, 11 C. J. sec. 341 (1926 Anno). Headnote 4: **Accident Insurance,** 1 C. J. sec. 346 (1926 Anno).