FRANCISCO RIOS, PLAINTIFF IN ERROR, v. SUPREME FOREST WOODMEN CIRCLE, A CORPORATION, DEFENDANT IN ERROR.—163 S. W. (2d) 122.

Kansas City Court of Appeals. May 25, 1942.

*Harry Howard* and *Homer Hamilton, Jr.* for plaintiff in error.

*Earle R. Stiles, Prescott Brown* and *Harding, Murphy & Tucker* for defendant in error.

BLAND, J.—This is a suit on a beneficiary certificate, issued by the defendant, a fraternal beneficiary association, on the life of one Maria H. Rios, wife of the plaintiff. On the filing of defendant's answer plaintiff moved for judgment on the pleadings and it was thereupon admitted by the parties that the sole issue was whether the answer pleaded a good defense. In this connection it was agreed that the trial court, in passing on the motion, should render a final judgment in the case. The court overruled the motion and rendered judgment for the defendant. Plaintiff brought the case here by writ of error.

The facts as disclosed by the answer, are as follows: The certificate was dated July 15, 1933. It provided for the payment of $1000 to the plaintiff, as beneficiary, on the death of the insured. Insured died on March 17, 1934, of cancer of the cervix uteri.

Defendant insists that it is not liable for the full amount of the certificate in view of the provisions of the application for the certificate, and the laws of the defendant, to the effect that should insured die of cancer within twelve months after the date of the

1176

certificate, defendant's full liability should be the amount of all monthly payments contributed up to the time of her death. This sum ($6.75) was duly tendered to the plaintiff, received and retained by him.

The facts further show that insured agreed in the application for the certificate that it and the laws of the society should constitute the basis for, and form a part of, the benefit certificate; that insured agreed to waive the attaching of a copy of her application and the laws of the society to her certificate; that she agreed to and waived all benefits under her certificate and that the same should be null and void if she should die within twelve months from the date of her certificate from certain diseases therein mentioned, including cancer; that in case of such death no liability should rest on the defendant but it should pay to the beneficiary the ''amount of all monthly payments contributed . . . . which shall be the full measure of all liability.''

The certificate, itself, provided, that the application and the laws of the society, together with the certificate, should constitute the contract.

The laws of the society provided:

''The following conditions shall be made a part of every benefit certificate and shall be binding upon both the member and society to the same effect and degree as if incorporated in the certificate of membership.

''First—The certificate is issued in consideration of the . . . agreements made by the person named herein her application to become a member . . . The constitution and law . . . application and certificate shall constitute a part of the beneficiary contract between the society and the member. . . . No benefit shall be paid under the certificate on account of death from . . . cancer or diseases of the pelvic organs if death occurs within twelve months from the date of the certificate. If death of the member . . . shall occur . . . as set forth, then and in that event this certificate shall be null and void, and the full liability . . . shall be the amount of benefit monthly payments paid by the member . . . The constitution and laws . . . the application and certificate shall constitute a part of the beneficiary contract between the society and the member.''

Section 6112, Revised Statutes Missouri 1939, provides: ''Every certificate issued by any such society (such as defendant) shall specify the amount of benefit provided thereby. The certificate, together with any riders or endorsements attached thereto, the charter or articles of incorporation, the constitution and laws of the society, the application for membership, and declaration of insurability (if used in lieu of medical examination), signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member and the certificate shall so state.''

Plaintiff contends that defendant is liable for $1000, with interest, the face amount of the certificate, less $6.75 paid by the defendant, for the reason that the provisions of the application and by-laws limiting the liability of the defendant, to the amount of monthly payments paid, in case of the death of the insured within twelve months from the disease of cancer, were not contained in the certificate, and to give force and effect to this provision, would be in violation of section 6112, Revised Statutes Missouri 1939, providing that "every certificate issued by any such society shall specify the amount of benefit provided thereby."

Evidently, it was the purpose of the Legislature, in enacting this statute, to require such societies as defendant to issue a certificate showing, on its face, the amount of insurance to be paid the beneficiary so that the insured should not have to go to any other paper or document to ascertain the amount. [Goodson v. National Masonic Accident Association, 91 Mo. App. 339; McPile v. Mystic Circle, 187 Mo. App. 679.] While the statute now under consideration was not involved in these cases, similar statutes were, and the cases clearly show what was the intention of the Legislature is enacting such statutes as the one now before us. As to the nature of these statutes see, also, Taylor v. Security Benefit Association of Topeka, 270 S. W. 132; Parker v. Sovereign Camp of Woodman of the World, 196 S. W. 424; State ex rel. Business Men's Assurance Co. v. Allen, 302 Mo. 525.

The fact that the agreement sought to waive the attaching of the copy of the application, as well as a copy of the by-laws, to the certificate, is not effective for the purpose of obviating the statute, section 6112, Revised Statutes of Missouri 1939, providing that the amount of the certificate appear therein. [See Christensen v. Life Ins. Co., 152 Mo. App. 551; Ampleman v. Citizens Ins. Co., 35 Mo. App. 308; Smith v. Mut. Benefit Life Insurance Co., 173 Mo. App. 329, 341.]

However, we believe that plaintiff's position is not well taken. In this case the amount of the benefit ($1000) is specified in the certificate. It is true that the application for the certificate and defendant's by-laws provided that, if insured should die within one year of certain diseases, including cancer, the certificate should become void and the premiums or assessments would be returned. That is to say, the policy was not to cover death by any of the excepted diseases, occurring within one year. However, such provisions are valid. [45 C. J., p. 215.]

While the premiums were earned, at least in part, because the policy covered death from other causes (Red Men's Frat. Acc. Asso. v. Rippey (Ind.), 50 L. R. A. (N. S.) 1006, yet, it was permissible for defendant to waive its rights to keep the premiums and agree to "call the whole thing off" if insured died of any of the excepted causes. While, ordinarily, returned premiums belong to the insured

and not to the beneficiary (37 C. J., p. 603), yet, it was within the province of the parties to agree that they should be paid to the beneficiary in this instance. We are of the opinion that this did not constitute insurance or a "benefit" within the meaning of the statute.

The judgment is affirmed. All concur.