## CANDELL v. UNITED STATES.

No. 4213.

United States Court of Appeals
Tenth Circuit.

May 16, 1951.

Rehearing Denied June 11, 1951.

E. J. Candell pro se.

Max M. Bulkeley, U. S. Atty., Denver, Colo., and Henry E. Lutz, Asst. U. S. Atty., Denver, Colo., filed a brief for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

The principal question presented by this appeal is whether Candell, the holder of a converted policy of National Service Life Insurance in the amount of $10,000, is entitled to maintain an action against the United States in the United States District Court for the District of Colorado, in which he seeks coercive relief in requiring the United States to retain on deposit, on an interest-accumulating basis, a special dividend payable to policyholders from the National Service Life Insurance Fund under Regulation R & P R-3426.1 promulgated April 29, 1949, or, in the alternative, money damages.

The policy in part provides:

"This policy will participate in and receive such dividends from gains and savings of the National Service Life Insurance Fund as may be determined by the Administrator. Dividends will be paid in cash, except that at the request of the Insured they may be left to accumulate on deposit provided this policy is in force on a basis other than extended term insurance. Interest on dividend accumulations will be credited annually at a rate to be determined by the Administrator. Dividend accumulations may be withdrawn at any time prior to lapse. Dividend accumulations on deposit at time of lapse will be applied only as a part of the net cash value to provide extended term insurance.

"Dividend accumulations and unpaid dividends may not be applied to pay premiums except upon the written request of the Insured made while this policy is not lapsed. Any dividend accumulations not previously withdrawn and any unpaid dividends will be payable in cash upon maturity of this policy to the person currently entitled to receive payments under the policy * * *."

The United States interposed a motion to dismiss on three grounds: (1) that the complaint did not state a claim upon which relief could be granted; (2) that the court did not have jurisdiction of the subject-matter; and (3) that the Administrator of Veterans' Affairs was an indispensable party. Attached to the motion was the affidavit of Harold W. Breining, Assistant Administrator for Insurance, Veterans' Administration, which, among other things, averred that the Administrator of Veterans' Affairs acting pursuant to authority vested in him by § 602(f) of the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 802(f), determined there existed in the National Service Life Insurance Fund a surplus of $2,800,000,000, available for distribution as dividends to persons entitled to receive the same under policies of National Service Life Insurance, and further determined that such surplus should be paid in cash only as a special dividend pursuant to the provisions of the Regulation referred to above; that Candell had requested the Veterans' Administration to retain on deposit any dividends which he might be found entitled to receive on the policy referred to above; that such request had been declined as to such special dividend, but that Candell had been advised the request would be complied with in respect to any subsequent annual dividends.

The trial court sustained the motion without specifying the ground or grounds on

which its decision was based, and dismissed the action.

At the threshold of the case, we are confronted with the question of jurisdiction.

 Suits can only be instituted against the United States with its consent.[1] In a recent case brought upon a lapsed policy of National Service Life Insurance we held that statutes waiving the immunity of the United States to be sued will be strictly construed and will be held only to embrace cases plainly within the terms of the statute waiving the immunity.[2]

Section 617 of the National Service Life Insurance Act, as amended, 38 U.S.C.A. § 817, is the only statute which authorizes suits to be brought against the United States in the United States District Courts upon policies of National Service Life Insurance. That section provides that in event of disagreement as to any claim arising under such Act, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of § 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445.

Section 19, supra, provides that in the event of a disagreement as to a claim under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder, an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the United States District Court for the district in which such person or any one of them resides, and that jurisdiction is conferred upon such courts to hear and determine all such controversies. Section 19, supra, further defines the term "claim" as follows: "The term 'claim,' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention *to claim insurance benefits,* * * *." (Italics ours.)

 A contract of insurance is an agreement whereby the insurer, for a stipulated consideration, undertakes to indemnify the insured or a person designated against loss from a specified future contingency or peril.[3]

 An insurance benefit means money or its equivalent paid as indemnity for a loss insured against. A dividend upon a National Service Life Insurance policy is paid under the terms of the contract which gives the insured the right to participate in gains and savings of the National Service Life Insurance Fund as they may be determined by the Administrator. Such a dividend is a return of premium.[4] Such a dividend has no relation to the obligation to pay indemnity on the happening of the loss insured against.[5]

1. United States v. Alberty, 10 Cir., 63 F. 2d 965, 966.

2. United States v. Fitch, 10 Cir., 185 F.2d 471, 474, and cases there cited.

3. Commissioner of Banking and Insurance v. Community Health Service, 129 N.J.L. 427, 30 A.2d 44, 45–46; California Physicians' Service v. Garrison, 28 Cal.2d 790, 172 P.2d 4, 12, 167 A.L.R. 306; National Colored Aid Soc. v. State, 208 Ind. 380, 196 N.E. 240, 248; Rios v. Supreme Forest Woodmen Circle, 236 Mo. App. 1173, 163 S.W.2d 122, 124; Bouvier's Law Dictionary, 3d Rev., Vol. 1 p. 1613.

4. See Atlantic Life Ins. Co. v. Pharr, 6 Cir., 59 F.2d 1024, 1026, where the court said: "So-called dividends upon life insurance policies are not really 'dividends,' but are the return by a mutual company of the unearned portion of the premium for the past year, unearned because of saving in expected mortality, saving in expense loading, and increase in investment earnings over the expected 3½ per cent. To the extent of the combined savings due to these three elements, theoretically at least, the premiums paid in advance are regarded as having been excessive or unearned. The dividend is a return of such unearned portion of a premium already paid, and normally should be available to the insured at the end of the policy year if effect is to be given to their true purpose."

5. Helvering v. Le Gierse, 312 U.S. 531, 539, 61 S.Ct. 646, 85 L.Ed. 996; Seward's Estate v. Commissioner, 4 Cir., 164 F.2d 434, 437; Chew's Estate v. Commissioner, 5 Cir., 148 F.2d 76, 78.

Sections 602 and 607 of the National Service Life Insurance Act, as amended, 38 U.S.C.A. §§ 802 and 807, employ the terms "benefits" and "insurance benefits," but in each instance where the terms are used, the context makes clear that they refer to payments to be made upon the death or disability of the insured.

Accordingly, we conclude that the instant action is not upon a claim within the meaning of § 617, supra, and that the trial court was without jurisdiction.

As to whether Candell could maintain an action against the Administrator of Veterans' Affairs to compel him to retain the dividend on deposit and to credit interest thereon at a rate to be determined by such Administrator, we express no opinion.[6]

The case is remanded with instructions to modify the order of dismissal to be without prejudice.

---

6. Cf. Taft v. United States, 2 Cir., 127 F.2d 876, 877, 878.